UNITED ROOFING COMPANY, A CORPORATION, PLAIN-
TIFF, v. INDEPENDENT BONDING AND CASUALTY
INSURANCE COMPANY, A CORPORATION, DEFENDANT.

Argued October 7, 1930—Decided May 20, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and LLOYD.

For the rule, *Hudspeth & Harris.*

*Contra, Winne & Banta.*

PER CURIAM.

In this case a verdict was entered in favor of the plaintiff
and against the defendant for $9,095.58, as a result of a trial
before the judge, sitting without a jury, at the Bergen Circuit,
the judge having made findings of fact.

The suit was upon a policy of insurance issued by the de-
fendant company to the plaintiff insuring the plaintiff
(among others) against the risks commonly known as lia-
bility damage, property damage and collision damage.

The defendant holds this rule to show cause why the ver-
dict entered herein should not be set aside and a new trial

granted, reserving to the defendant the exceptions taken at the trial.

The trial court found as a fact that the defendant breached the contract of insurance, and awarded damages in the sum of $9,095.58 in favor of the plaintiff and against the defendant as the natural and probable consequences of the breach of the contract, and we think this finding was correct.

The pleadings disclose that, on December 8th, 1927, a Buick coupe was being driven in the course of the business of the plaintiff corporation in Teaneck, New Jersey, by Linwood E. Clarke, its general manager, and that it collided with a Reo truck owned by one Olson and driven by one Rasmussen, in which another Olsen was a passenger; and that as a result of this accident the United Roofing Company was sued and verdicts were rendered against it, and the plaintiff herein paid these judgments, and in this suit claims reimbursement.

The pleadings further allege that the Buick coupe was totally destroyed in the collision, and the plaintiff claims reimbursement for the value of the car.

The action of the plaintiff herein also includes a claim for reimbursement for legal expenses covering the engagement of attorneys, &c., in the trials of the suits commenced by Olsen and Rasmussen.

There is an allegation in each count of the complaint in the present suit and that the defendant denied liability under the policy issued by it and refused to defend the suits against the plaintiff.

All of the counts predicate the right of recovery on the refusal of the defendant herein to defend the suits by reason of its alleged denial of liability on the policy of insurance.

The defendant in its answer, after making a general denial of the allegations of the complaint, asserts several separate defenses, the first of which seems now to have been abandoned; the second charges that the plaintiff caused a breach of the policy of insurance in that it did not render all possible co-operation within its power to the defendant, and that it voluntarily asssumed liability and interfered with the legal

proceedings in the suits brought against it, and that it defended the suits without the consent of the defendant; the third alleges that the plaintiff did not have an insurable interest in the said Buick automobile in that it did not own the same.

Now, the policy of insurance sued on was issued by the defendant to United Roofing Company, the plaintiff. In its insuring agreement defendant agreed as follows:

"(a) 1. To insure the assured against loss by reason of the liability imposed by law upon the assured for damages on account of bodily injuries, including death. At 'any time resulting therefrom, to any person or persons, accidentally suffered or alleged to have been suffered while this policy is in force by reason of the ownership, *maintenance or use* within the limits of the United States of America (exclusive of Alaska, the Philippines and Hawaiian Islands and other 'possessions') or Canada of any automobile described in the declaration.

"2. To defend in the name and on behalf of the assured, any suits, even if groundless, brought against the assured to recover damages on account of such accidents as are covered under this policy.

"3. To pay, irrespective of the limits of liability hereinafter mentioned, all costs taxed against the assured in any legal proceeding defended by the company, all interest accruing after entry of judgment upon such part thereof shall not be in excess of said limits of liability and the expense incurred by the assured for such immediate medical and surgical relief as is imperative at the time of the accident, together with all expenses incurred by the company for investigation, adjustment and defense."

The policy further provides, in addition to the protection agreed to be afforded to the United Roofing Company as the "named assured," the following protection for what it terms "additional assureds," as follows:

"4. Additional Assureds. The insurance provided by this policy is so extended as to be available, in the same manner and under the same provisions as it is available to the named

assured, to any person or persons while riding in or legally operating any of the automobiles described in the declaration or to any person, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named assured."

It then defines the identity of persons coming within the category of the word "assured" as follows:

"The unqualified term 'Assured' wherever used in this policy shall include in each instance the named assured and any other person, firm or corporation entitled to insurance under the provisions and conditions of this policy, but the qualified term 'Named Assured' shall apply only to the assured named and described in Declaration No. 1. Any insurance under this policy shall be applied first to the protection of the Named Assured and the remainder, if any, to the protection of any other assured."

It will be seen from the excerpts of the policy hereinabove quoted that two distinct classes of persons are protected under the policy, first, the United Roofing Company as the "Named Assured" and secondly the "'Additional Assureds."

It will be observed that the policy distinguishes throughout, the definite rights and responsibilities of the "named assured" and the "assured." It is apparent that it was intended that more than one person or corporation be protected by this policy. For example paragraph "A" entitled "Limits," says as follows: "Regardless of the number of the assureds, &c." Paragraph "C" says: "The assured shall give immediate written notice," &c.

At the time of the issuance of the policy the Buick car in question was not covered, but that was added later by endorsement dated July 24th, 1927, and the policy was thereby extended to cover the Buick coupe for the particular risks therein covered.

Defendant contends that the plaintiff is not entitled to maintain a suit for the recovery of the sum awarded as collision damage, because it failed to submit to the arbitration clause contained in the collision endorsement. But we think that the plaintiff was not bound by the arbitration clause in

view of the denial of liability on the entire policy as made by the defendant.

The policy was issued by C. S. Fountain & Sons, who were general agents for the defendant, and the trial court properly found they had authority so to do.

The policy in question covered a number of cars, some of which were owned by the United Roofing Company and some by others. The Buick was owned by Mrs. Clarke, at that time president of the plaintiff company, and this fact was known to the defendant before the issuance of the endorsement with the defendant's sanction.

On December 8th, 1927, after the issuance of the policy to the plaintiff, Linwood E. Clarke, general manager of plaintiff, was driving the Buick automobile on Cedar lane, Teaneck, and there accompanied him two of the plaintiff's workmen whom he was taking to Harrington Park on company business. The car was at that time—as at the issuance of the policy—owned by Alice Clarke, president of the plaintiff company. While transporting the company's workmen the collision occurred which resulted in the verdicts in favor of Olsen and Rasmussen against the plaintiff.

The accident was, immediately after its happening, reported by plaintiff to the defendant, and the notice of the accident given by defendant abundantly complied with the requirement of the policy concerning such notice.

Shortly after the accident Linwood E. Clarke and Alice Clarke were made defendants in suits brought by the Olsens and the Rasmussens as a result of the injuries and damages sustained in the accident of December 8th, 1927, in which the Buick car was involved. The summons and complaint were delivered by Mr. Clarke, the general manager of plaintiff, to the proper representative of the defendant who stated that his company was not interested in the suits against the Clarkes, "because the names of Mr. and Mrs. Clarke were not mentioned in the policy." He said that defendant was not responsible, and in effect refused to defend the suits, a position which was a repudiation of its obligation under the policy and a breach of the contract, as is made apparent upon

an examination of paragraph 4 thereof entitled "Additional Assureds" since Linwood E. Clarke, the general manager of the plaintiff, was legally operating the Buick with the consent of the United Roofing Company, the plaintiff, on the business of the plaintiff.

The summonses and complaints were then given to Mr. Walter G. Winne, a counselor-at-law, and who was employed to, and who did file answers in such suits. A little later on, the United Roofing Company was sued by the same plaintiffs and the same counsel representing that company wrote defendant a letter calling the company's attention to the new actions against the United Roofing Company and advising it of the fact that he had filed answers for Mr. and Mrs. Clarke, and of his expectation to file an answer for the United Roofing Company because "we understand that you have disclaimed liability on the policy." The evidence tends to show that defendant failed even to acknowledge receipt of the communication until after the time for answering had expired. Meanwhile, on what seems to have been the last day on which an answer could be filed without an extension of time, the United Roofing Company filed answers.

Now, the trial judge, after consideration of this and other evidence, found as follows: "The plaintiff fulfilled all of the obligations of the policy of giving notices to the defendant and did not voluntarily assume liability; nor did it fail to give the co-operation required of it by the terms of said policy, but that the defendant by its acts and conduct did fail to observe the obligations imposed upon it by the terms of the policy and caused the plaintiff the defend the actions and to pay the judgments so rendered for which defendant is obligated to repay the plaintiff. The breach of the contract by the defendant caused the damages sued for which are natural and probable consequences of the breach of contract."

In our judgment that finding is amply supported by the evidence.

Plaintiff proved that the verdicts against it with costs and interest were paid. And we perceive no reason why they should not have been, as they were, included in the verdict.

Defendant calls attention to the fact that the suits on the counter-claims in the Olsen and Rasmussen actions were not pressed at the trial. This has no significance. We fail to see how this bears on the question of the breach of defendant's contracts. Neither the record nor defendant's brief indicate how this is material.

We think that recovery of legal expenses was properly allowed.

Plaintiff sought to recover the sum of $1,500 for services rendered in the Olsen and Rasmussen suits. The court awarded $800 as the reasonable value of such services and we think that was not excessive.

We think that recovery for the destruction of the Buick coupe which was owned by Alice Clarke and was destroyed while being operated in the business of the assured was proper. This car was covered for collision damage, and the amount was justified by the policy and proofs.

The rule to show cause will be discharged, with costs.