Loughran, Plaintiff and Appellant, vs. Employers Mutual Indemnity Corporation, Garnishee Defendant and Respondent: Joseph Rea, Principal Defendant.

*September 15—October 10, 1933.*

*Brayton E. Smith* of Wausau, for the appellant.

For the garnishee respondent there was a brief by *Bird, Smith, Okoneski & Puchner* of Wausau, and oral argument by *Charles F. Smith.*

FOWLER, J. The plaintiff herein recovered judgment in Pennsylvania against the principal defendant, Joseph Rea, for damages sustained by the plaintiff through the negligent operation by Rea of his automobile which collided with and killed the plaintiff's wife. Rea has not paid anything on the judgment. The plaintiff sued on this judgment in Wisconsin and ancillary to the main suit garnished the Employers Mutual Indemnity Corporation on the theory that an indemnity policy issued to Rea's employer, the Masonite Corporation, rendered it indebted to the principal defendant to the amount of the judgment and subject to garnishment. The garnishee defends on the ground that in any event it is not indebted to the principal defendant until he has paid the judgment, and therefore not subject to garnishment, and on the further ground that it incurred no liability under its policy for the injuries sustained through the principal defendant's negligence.

The learned trial judge decided the issue in favor of the defendant on the ground first stated, for the reason, as

he concluded, that action did not lie on the policy until the principal defendant suffered loss by payment of the judgment, and that such loss could only be recovered by suit brought directly on the policy. We prefer to base the garnishee's non-liability on the second ground urged without consideration of the first.

Under the undisputed evidence the plaintiff sustained the injuries for which the judgment was rendered through negligence of Rea while Rea was engaged in taking a young woman to her home after an evening spent with her in their mutual purely social entertainment. Rea was in the employ of the Masonite Corporation as a traveling salesman. In performance of his duty to his employer he used his own automobile. This automobile with others owned or rented by other employees was covered by a policy issued by the garnishee to the Masonite Corporation. The policy was a "non-ownership" as distinguished from an "ownership" policy. "Non-ownership" policies are procured by employers to protect themselves against liability for injuries sustained through negligence of their employees for which they would be liable under the doctrine of *respondeat superior*. This doctrine only imposes liability upon employers for injuries inflicted by employees while engaged in the prosecution of the employer's business. The policy bears the indorsement "non-ownership liability." The first paragraph of the indorsement is:

"The automobiles covered by this policy are those . . . which are now or which may any time during the term of this insurance be owned . . . by an employee for his own use in the service of the named insured."

This implies that only injuries are covered which are sustained while the employees are using the automobiles in the service of the employer—while the employees are engaged in the prosecution of the employer's business—while they are engaged in the performance of the duties of their

employment. The coverage clause is not materially different from that involved in *Drewek v. Milwaukee Automobile Ins. Co.* 207 Wis. 445, 240 N. W. 881, which was held not to impose liability for injuries inflicted by an employee in the use of the automobile covered, unless the injury was inflicted while the employee was using the automobile in the conduct of the employer's business. Nor is the "extended insurance" clause, which in the ordinary "ownership" policy extends coverage to persons using the insured's car with the owner's consent, upon which the plaintiff bases his claim of indebtedness, materially different from that involved in the *Drewek Case, supra*. The insurer is no more liable for injuries inflicted by Rea while he was using the car for his own personal convenience or pleasure than was the insurer in the *Drewek Case* for injuries inflicted by an employee who had permission of the employer to use the employer's car, while he was using it to transport furniture belonging to a friend for the friend's benefit.

If there were doubt as to the meaning of the coverage clause above quoted, non-liability of the employer would result under the clause of the "non-ownership liability" indorsement next following the coverage clause therein. This clause is as follows:

"In consideration of the premium at which this policy is written, it is hereby understood and agreed by and between the named insured and the company that this policy covers the legal liability of the named insured (and of the named insured only) for the operation of the automobiles specified in the preceding paragraph thereof, and it is hereby agreed by and between the company and the insured named in the policy that anything in the policy to the contrary notwithstanding, the policy does not cover and shall not be construed to cover: (1) . . . (2) The liability of any person or persons whatsoever, other than the named insured."

As Rea was not engaged in his employer's service at the time the plaintiff's injuries were inflicted, the named in-

sured sustained no legal liability under the facts involved in the collision and the policy does not render the insurer liable upon those facts. And as the policy by its express terms does not cover and shall not be construed to cover the liability of any other person than the named insured, it follows that it does not cover the liability of Rea.

*By the Court.*—The judgment of the circuit court is affirmed.