L. D. Webster, Appellee, v. Inland Supply Company and American Mutual Liability Insurance Company, Appellants.

Gen. No. 38,648.

Opinion filed December 30, 1936.

ANGERSTEIN, PIGGOTT & ANGERSTEIN and CHARLES WOLFF, all of Chicago, for appellants.

FREDERICK A. GARIEPY, of Chicago, for appellee.

MR. PRESIDING JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

By this appeal defendants, Inland Supply Company and American Mutual Liability Insurance Company, seek to reverse a judgment for $441.90, rendered against them in favor of plaintiff, L. D. Webster, in an action brought by the latter upon an automobile liability policy issued by the insurance company to the Inland Supply Company, plaintiff's employer, to recover the amount of a judgment and costs rendered

against plaintiff in a suit brought against him by one Doonan, for damages caused by plaintiff's negligence in the operation of his automobile while engaged with said automobile in and about the business of his employer. The trial court denied defendants' motion to dismiss plaintiff's complaint and defendants electing to stand by their motion, the judgment in question here was entered.

Plaintiff's complaint alleged, substantially, that he was in the employ of the Inland Supply Company since prior to May 11, 1934, up to the time he filed his complaint in this cause August 23, 1935; that "on May 11, 1934, the defendant American Mutual Liability Insurance Company, then and there issued its policy of insurance with the Inland Supply Company and the plaintiff herein and said policy remained in full force and effect from May 11, 1934, to May 11, 1935"; and that "a true copy of said policy of insurance, together with rider attached thereto is hereby made a part of this complaint and attached hereto and declared upon."

The complaint further alleged that the policy provided as follows: [Only pertinent portions quoted.]

"I.   To pay, within the policy limits applying thereto, each loss by reason of liability imposed upon him by law for damages, not only on account of bodily injury or death of a person or persons not hereinafter excepted, but also (if a property damage insurance premium charge has been included in the declarations) on account of damage to the property of others and the resulting loss of use thereof, caused by an accident, occurring within the policy period, by reason of the use, ownership, maintenance, or operation of the motor vehicle or trailer, or, if the motor vehicle is of the commercial type, by reason of the loading or unloading of merchandise, provided the insured has, as respects such loading or unloading operations,· no other collectible insurance.

"II.   To serve the insured by such investigation of each alleged accident and such negotiation or settlement of each claim as the Company may deem expedient.

"III.   To defend, in behalf of the insured, each suit, even though wholly groundless, brought against the insured to enforce a claim for such injury, death or damage, and, as respects each suit, to pay the entire premiums on attachment, removal, and appeal bonds, costs taxed against the insured, and interest accruing on the entire judgment up to the date of payment by the Company of its share of the judgment.

"IV.   To pay all expenses incurred by the Company in the performance of its agreements, and, also, the expenses incurred by the insured for such necessary surgical relief of an injury covered by the policy as is rendered immediately following the accident.

"V.   To extend this insurance, in the same manner and under the same conditions as it is available to the named insured, to any person, or persons, while riding in or using, operating, or maintaining the motor vehicle or trailer, and to any person, firm or corporation, legally responsible for the operation, use, or maintenance thereof, provided such use, maintenance, or operation is with the consent, express or implied, of the named insured, or, if the named insured is an individual, with the consent, express or implied, of an adult member of the named insured's household other than a chauffeur or domestic servant; except that this insurance shall not be available to a public automobile garage, automobile repair shop, automobile sales agency, automobile service station, or any agent or employee thereof, nor shall it be available to any person, firm, or corporation having other collectible insurance as respects the accident; provided, further, insurance payable hereunder shall be applied first to the protection of the named insured, and the remainder, if any, to the protection of other persons

entitled to insurance under the provisions and conditions of this clause, as the named insured shall in writing direct. If any motor vehicle or trailer specified in the application is sold, transferred, or assigned during the policy period, the protection herein provided shall not extend to the purchaser, transferee, or assignee thereof, except by the written consent of the Company endorsed hereon.

''The unqualified term 'insured' wherever used in this policy shall include, in each instance, not only the named insured, but also any other person, firm, or corporation, entitled to protection under this policy, but the qualified term 'named insured' shall apply only to the insured named and described as such in the declarations.''

The complaint then alleges that by reason of the terms of the policy and plaintiff's inclusion in ''class 1'' of the rider or indorsement to said policy as an employee of the Inland Supply Company, ''he was then and there insured against all loss by reason of damages sustained by him while in the course of the employ of the Inland Supply Company''; that March 12, 1935, while operating his automobile in the course of his employment for the Inland Supply Company ''he sustained an automobile accident with one George Doonan on 31st street in the Village of Broadview, Cook county, Illinois, for which an action was brought by Mary Elizabeth Doonan, in which she recovered judgment against him for $441.90; that the insurance company was notified of the pendency of the Doonan action against plaintiff and refused to defend same; that plaintiff paid said judgment and in addition thereto $75. for his attorney's fees in that suit; that the insurance company has refused to reimburse or indemnify plaintiff for the amounts so expended and therefore he brings this action as an assured under the policy to recover the above amounts from the insurance company; and that ''the Inland Supply Com-

pany, made defendant hereto, refuses and fails to institute suit for recovery of said money for the plaintiff herein and is, therefore, a party defendant hereto as is by statute provided.''

The printed rider or indorsement attached to the regular printed form of policy is as follows:

''It is agreed hereby, in consideration of the premiums specified herein, that the insurance, provided by the policy to which this endorsement is attached, is for the benefit of the insured only and applies only as respects an accident occurring in the business of the insured of any motor vehicle of the private passenger type, neither owned wholly or partly, registered, hired, nor leased, by the insured, nor by a partner if the insured is a partnership, but which is being used at the time of the accident by an employee of the insured who comes within the description of class 1 below. . . .

''Class 1—All outside employees, however compensated, whose usual duties involve the use in the business of the insured of any motor vehicles of the private passenger type.

''Class 2—All other employees.

''The insured shall maintain a complete and accurate record of the names and locations of all employees subject to class 1 rating, with each deduction therefrom and addition thereto entered, in chronological order, immediately after each deduction or addition becomes effective, together with the date thereof and the date of entry on the record, a complete list of which additions and deductions shall be submitted to the company at the end of each calendar month and shall become a part of the schedule. The insured shall also keep an accurate record of the number of employees under class 2 if a specified rate for class 2 is indicated in the schedule.

''Upon delivery of the policy the insured shall pay to the Company an advance premium based on the

number of employees in class 1, as indicated in the schedule at the time the policy is delivered and which the insured warrants to be accurate as to names and numbers, multiplied by the rate applicable to said class as indicated in the schedule, plus a premium based similarly on the number and rate applicable to class ,2, if a specified rate for class 2 is indicated in the schedule. The earned premium shall be computed as above, and if greater than the advance paid premium the insured shall pay the difference to the Company; if the advance paid premium is greater than the earned premium, the Company shall pay the difference.

"It is agreed hereby that the provisions of agreements V and F of the policy shall not apply as respects this insurance, and that if other collectible insurance exists in favor of the insured as respects any accident the insurance herein provided shall apply only to such amount as is in excess of such other insurance."

Attached to said indorsement was a schedule of the employees of the Inland Supply Company specified as being in "Class 1," a portion of which list is as follows:

"Name of Employee Location Rate P.L. Premium P.D.

| Name of Employee | Location | | Rate P.L. | Premium P.D. |
|---|---|---|---|---|
| G. W. Tipple | Chicago, | Illinois | 13.50 | 3.00 |
| C. E. Johnson | " | " | 13.50 | 3.00 |
| F. C. Baulle | " | " | 13.50 | 3.00 |
| Otto Siellner | " | " | 13.50 | 3.00 |
| Ben Smith | Joliet, | " | 6.75 | 2.00 |
| Ray P. Krapp | " | " | 6.75 | 2.00 |
| S. J. Warnock | Elgin, | " | 6.75 | 2.00 |
| L. D. Webster | " | " | 6.75 | 2.00" |

(The schedule also included a list of the number of employees within "class 2," which is omitted as being immaterial here.)

Defendants contend that the "omnibus" clause, which is paragraph V of the printed form policy, has application only to cars owned by the assured, Inland Supply Company; that the indorsement to the policy by express provision in its first paragraph covers only the liability of the Inland Supply Company; that in the 6th paragraph of the indorsement express provision is made to exclude the coverage provided by paragraph V of the policy, the "omnibus" clause having no application to the coverage provided by the indorsement; and that the inclusion of plaintiff's name, L. D. Webster, in the "Class 1" schedule of employees was not for the purpose of extending the coverage of the policy to him, but to designate him as one of those specified employees through the use of whose cars liability might attach to the employer, the Inland Supply Company, for which it could demand protection under the policy.

Plaintiff's theory as stated in his brief is as follows:

"1. That he was insured and was to be indemnified against loss on account of damages recovered against him and paid by him, and the expense of defending any action filed against him, under the terms of the printed provisions of the policy of insurance and the endorsement attached to the policy.

"2. That if there is any doubt as to the true intent, meaning and construction of this whole policy of insurance, it will be resolved against the defendants and in favor of the plaintiff.

"3. That the entire policy, when construed as one instrument and when effect is given to every part thereof to arrive at its true meaning and purpose, provides insurance coverage for plaintiff and plaintiff's right to be indemnified."

To clarify the issues, and afford a proper understanding of the precise question involved, it is pertinent to state that the Inland Supply Company took out a policy of insurance with the American Mutual

Liability Insurance Company covering liability imposed by law by reason of damage to both person and property arising out of the use of motor vehicles owned by the Inland Supply Company. The policy was a standard form used in Illinois and contained the customary so-called "omnibus" clause, which extended the benefits of the insurance to any person using or operating motor vehicles belonging to the Inland Supply Company with its consent and permission. By agreement of the parties an indorsement was added to the policy. This indorsement was captioned "Non-Ownership Automobile Liability," and covered any liability which might be imposed upon the Inland Supply Company for the use of cars not owned by that company, but owned and operated by certain designated employees of whom plaintiff was one.

Our attention has been directed to the recognized and familiar rule that an insurance contract includes the printed form policy, the declarations therein, and any indorsement thereto, and that the principles governing the interpretation of insurance contracts are those applicable to other contracts, all parts of the insurance contract to be considered together to ascertain the meaning, purpose and intent of the parties; and that where ambiguity exists a contract of insurance will be construed most strongly against the insurer. However, the rule that a contract is to be construed favorably to the insured, or to one claiming to be the insured, does not authorize a perversion of the language of the contract of insurance. (*Fee v. Zurich General Accident & Liability Ins. Co.*, 257 Ill. App. 227.)

Plaintiff was not a party to the insurance contract in question, but claims that the benefit of its coverage was extended to him under paragraph V, the so-called "omnibus" clause of the original policy covering motor vehicles owned by the Inland Supply Com-

pany, which paragraph, in addition to extending protection to "any person or persons, while riding in or using, operating, or maintaining the motor vehicle or trailer, and to any person, firm or corporation, legally responsible for the operation, use, or maintenance thereof, provided such use, maintenance, or operation is with the consent, express or implied, of the named insured," distinguished between the "named assured" and the "insured," the latter term including not only the named assured but all others entitled to protection under paragraph V of the policy.

The original policy shows conclusively on its face that it was issued to cover the liability of the Inland Supply Company as to motor vehicles and trailers owned by it, and, it was, therefore, necessary in order to cover any liability of that company which might attach under the doctrine of *respondeat superior,* by reason of the negligent operation of motor vehicles owned by employees and used by them in the business of their employer, Inland Supply Company, to purchase insurance affording the additional protection evidenced by the indorsement captioned "Non-Ownership Automobile Liability." The so-called "omnibus" clause of the original policy is expressly excluded from the additional coverage of the non-ownership indorsement, the 6th paragraph of which, as heretofore set forth, declaring: "It is agreed hereby that the provisions of agreements V and F of the policy shall not apply as respects this insurance."

The first paragraph of the indorsement, as heretofore shown, provides, in part, as follows:

"It is agreed hereby, in consideration of the premiums specified herein, that the insurance, provided by the policy to which this endorsement is attached, is for the benefit of the *insured only* and applies only as respects an accident occurring in the business of the insured of any motor vehicle of the private passenger

type, neither owned wholly or partly, registered, hired nor leased, by the insured, nor by a partner if the insured is a partnership, but which is being used at the time of the accident by an employee of the insured who comes within the description of class 1 below or within the description of class 2, if the remuneration of the employees of class 2 is a subject of premium charge as indicated in the schedule.'' (Italics ours.)

Plaintiff stresses the meaning of the word ''insured'' as defined in paragraph V of the original policy, and insists that by the use of the unqualified term ''insured,'' instead of ''named assured,'' in the indorsement, it was intended to extend the protection of the insurance contract to employee owners of cars used in the business of the Inland Supply Company. The very phraseology of the indorsement, wherever the term ''insured'' is used, defeats this contention. The term is used in the first, second, fourth and fifth paragraphs of the indorsement and, in each instance, its use is exclusive of application to an employee and inclusive of application only to the employer. In the first paragraph we observe the language ''but which is being used at the time of the accident by an employee of *the insured*.'' In paragraph 2 we find ''all outside employees, however compensated, whose usual duties involve the use in the business of *the insured* of any motor vehicles of the private passenger type.'' In paragraph 4 is found this language: ''*The insured* shall maintain a complete and accurate record of the names and locations of all employees subject to class 1 rating.'' Paragraph 5 states that ''upon delivery of the policy *the insured* shall pay to the Company an advance premium based on the number of employees in class 1. . . .'' It thus appears clearly that wherever the term ''insured'' is used in the indorsement it refers solely to the Inland Supply Company.

The inclusion of plaintiff's name in the list of cars of employees of the Inland Supply Company in the schedule attached to the indorsement, and to which reference is made in said indorsement, lends no force to plaintiff's contention that he was covered by the policy. The obvious purpose in attaching this list to the indorsement was to designate those employees from the use of whose cars the Inland Supply Company might incur liability to the public at large for which it could demand protection under the policy. The premium charged and paid on the policy was for the insurance of the employer only against the liability described therein.

In passing upon a somewhat similar policy in *Loughran v. Employers Mut. Indemnity Corp.*, 212 Wis. 634, 250 N. W. 389, where a judgment was recovered in Pennsylvania against the principal defendant, Joseph Rea, for damages sustained by the plaintiff through the negligent operation by Rea of his automobile, which collided with and killed plaintiff's wife, and where Rea not having paid anything on the judgment "plaintiff sued on this judgment in Wisconsin and ancillary to the main suit garnished the Employers Mutual Indemnity Corporation on the theory that an indemnity policy issued to Rea's employer, the Masonite Corporation, rendered it indebted to the principal defendant to the amount of the judgment," the court said at pp. 636, 638:

"Rea was in the employ of the Masonite Corporation as a traveling salesman. In performance of his duty to his employer he used his own automobile. This automobile with others owned or rented by other employees was covered by a policy issued by the garnishee to the Masonite Corporation. The policy was a 'non-ownership' as distinguished from an 'ownership' policy. 'Non-ownership' policies are procured by employers to protect themselves against liability

for injuries sustained through negligence of their employees for which they would be liable under the doctrine of *respondeat superior*.

"...

"And as the policy by its express terms does not cover and shall not be construed to cover the liability of any other person than the named insured, it follows that it does not cover the liability of Rea."

The injured party, Doonan, had a right of action against both Webster and the Inland Supply Company. If the Inland Supply Company had been sued and judgment secured against it there would be no question of the insurer's liability to that company under the policy. However, the action was brought against Webster, alone, who satisfied the judgment rendered against him and thus extinguished any right of action Doonan had against the Inland Supply Company. Webster was a joint *tortfeasor* and, as such, it must be conceded that he had no right of action against his employer, the Inland Supply Company. Doonan's failure to join the latter as a defendant certainly created no right of action in Webster against his employer. Since the Inland Supply Company owes no duty or liability to the plaintiff, he can make no valid claim against the insurance company and the insurance contract providing, as it does, coverage only to the Inland Steel Company, plaintiff is precluded from claiming protection under it.

In our opinion the provisions of the insurance contract were neither ambiguous nor inconsistent, but were expressed in clear, plain and understandable language, and were not intended to and did not furnish plaintiff protection against his liability on the Doonan judgment.

For the reasons indicated herein the judgment of the superior court is reversed.

*Judgment reversed.*

FRIEND and SCANLAN, JJ., concur.