## MILLER v. HARLEYSVILLE MUT. CASUALTY CO.

### CLARKE'S ADM'R v. SAME.

Nos. 77, 76.

District Court, E. D. Virginia.

April 4, 1941.

984

Thomas A. Williams and L. C. O'Connor, both of Richmond, Va., for plaintiffs.

May, Simpkins & Young, of Richmond, Va., for defendants.

POLLARD, District Judge.

These two actions, which involve a common question of law and fact, were on motion of all parties consolidated for a joint hearing and trial of all matters in issue in the actions. Rule 42, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. After the pleadings were closed, the defendant moved for judgments on the pleadings. Rule 12(c), R.C.P. For the purpose of passing on the motions, the defendant concedes that all allegations sufficiently pleaded by the plaintiffs must be taken as true. From the allegations of the complaints as amended and the admissions of record made by the plaintiffs in the orders entered on February 5, 1941, the relevant facts are as follows:

The plaintiffs are residents and citizens of the State of Virginia, and the defendant is a corporation organized under the laws of the State of Pennsylvania and having its principal offices in that State. On the 29th day of November, 1939, the plaintiffs recovered judgments against William C. DeMuth in the District Court of the United States for the District of Delaware, and executions on said judgments remain unsatisfied and no part of said judgments has been paid. The aforesaid judgments were obtained for injuries inflicted by William C. DeMuth in the negligent operation of a certain automobile of the private passenger type belonging to one Ellis Bernstein. At the time of the accident William C. DeMuth was in the employ of Reliable Home Equipment Company but was not then acting for said company, but was on a personal mission of his own. Ellis Bernstein was not employed by or connected with Reliable Home Equipment Company at the time of the accident and the automobile was being operated by DeMuth with the express permission and consent of the owner, Ellis Bernstein. On October 16, 1935, the defendant issued and delivered to Reliable Home Equipment Company an automobile liability policy covering the period of one year and said policy was in effect when the plaintiffs were injured. By the terms of said policy the defendant agreed to indemnify Reliable Home Equipment Company against loss by reason of the liability imposed upon the assured by law for damages on account of bodily injuries or death accidently sustained by any person or persons not thereinafter excepted by reason of the ownership, maintenance or use of the motor vehicles therein described. In that part of the policy which provides for a description of the motor vehicles covered under the policy these words only appear: "non-ownership policy". The said policy contains the following provision under the heading "Omnibus Coverage": "It is hereby understood and agreed, unless limited by endorsement hereto, that such policy is extended to cover as additional Assured, any person or persons while riding in or legally operating any automobile described in the Declaration, and any person, firm or corporation, legally responsible for the operation thereof * * * provided such use or operation is with the permission of the named Assured * * *." The policy contains an endorsement which provides in part as follows: "* * * it is agreed that this policy, * * * covers the liability of the assured only, for damages arising out of accidents resulting from the operation in the business of the named Assured of any automobile * * * of the private passenger type of any person named in the schedule of this endorsement * * *." The endorsement expressly excludes coverage on automobiles "owned in whole or in part" by the assured or "registered in the name of the assured". William C. DeMuth is one of fifteen persons named in the endorsement attached to said policy. Ellis Bernstein is not one of the fifteen persons named in said endorsement.

The plaintiffs contend and the defendant denies that the policy covers the accident in question. The court is called upon to determine between these conflicting contentions. The correct answer depends upon the effect to be given to the provisions of the endorsement when considered in the light of Section 4326a of the Code of Virginia, Acts of Assembly 1934, page 545.

The contract of insurance issued by the defendant to Reliable Home Equipment Company is a printed standard form policy and contains the usual clause of omnibus coverage. This clause extends the policy

to cover as additional assured any person or persons while riding in or legally operating any automobile described in the declaration with the permission of the named assured. There is attached to the printed form insurance policy a typewritten endorsement. This endorsement eliminates the omnibus coverage provisions of the printed policy. It provides that the policy "covers the liability of the assured only * * *." The provisions of the endorsement are plain and admit of no other construction. It follows that the policy is enforceable only in accordance with its terms and the plaintiffs are not entitled to coverage under the policy unless they are protected by some statute which should be read into the policy.

The plaintiffs contend that there is liability under the policy by reason of Section 4326a of the Code of Virginia. It is there provided as follows:

"§ 4326a. Third person injured by a party carrying indemnity insurance subrogated to rights of such party.—No policy of insurance against loss or damage resulting from accident to or injury suffered by an employee or other person and for which the person insured is liable, or, against loss or damage to property caused by animals or by any vehicle drawn, propelled or operated by any motive power, and for which loss or damage the person insured is liable, shall be issued or delivered to any person in this State by any corporation or other insurer authorized to do business in this State, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injuries sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, then an action may be maintained by the injured person, or his or her personal representative, against such corporation under the terms of the policy for the amount of the judgment in the said action not exceeding the amount of the policy.

No such policy shall be issued or delivered in this State, to the owner of a motor vehicle, by any corporation or other insurer authorized to do business in this State, unless there shall be contained within such policy a provision insuring such owner against liability for damages for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner.

In the case of Newton v. Employers Liability Assur. Corporation, 4 Cir., 107 F.2d 164, it was held that the provisions of the statute above quoted were a part of the contract of insurance there under consideration. But there the policy was an ownership policy as distinguished from one of non-ownership as is the policy in the instant case. In that part of the policy here under consideration in which there is usually designated the motor vehicles covered, there are only these typewritten words: "Non-Ownership Policy". Non-ownership policies are procured by employers to protect themselves against liability for injuries sustained through negligence of their employees in the operation of automobiles not owned by the employers but for which they would be liable under the doctrine of respondeat superior. Loughran v. Rea and Employers' Mutual Indemnity Corporation, 1933, 212 Wis. 634, 250 N.W. 389. It seems to me that the distinction between ownership and non-ownership policies is not without legal significance. The first paragraph of the Virginia statute was enacted in the year 1924, and the second paragraph was added as an amendment in the year 1934. The prohibitory provision of the first paragraph is general and is applicable to both ownership and non-ownership policies. By the very words of the second paragraph of the statute, its provisions are made applicable only to policies issued to the owner of an automobile. The prohibition is against the issuance or delivery of such a policy "to the owner of a motor vehicle". It was only necessary had the Legislature desired to make the amendment applicable to both ownership and non-ownership policies to use in the second paragraph the words "to any person" as it had already done in the first paragraph, and to omit from the second paragraph the words "to the owner of a motor vehicle" as it had already done in the first paragraph. The Legislature having, in the second paragraph, used the words "to the owner of a motor vehicle" in preference to the words "to any person", the courts

cannot ignore the significance to be attached to such legislative action, and read the statute into a class of policies which the Legislature has seemingly deliberately excluded from its provisions.

An order sustaining the motion for judgments on the pleadings may be presented after reasonable notice.