AMERICAN FIDELITY & CASUALTY CO.,
Inc. v. BAYSHORE BUS LINES, Inc.
No. 14169.

United States Court of Appeals
Fifth Circuit.
Jan. 14, 1953.

Russell Talbott, Houston, Tex., for appellant.

Jack Binion, Houston, Tex., for appellee.

Before HOLMES, RUSSELL, and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

The appellee, who operated a bus line, brought this suit against appellant upon a policy of automobile liability insurance. The appellant, which was the insurer, issued its policy of said liability insurance to the appellee as the named insured, specifically covering a list of described buses or land motor vehicles, and to this policy was attached an endorsement headed "Employer's Non-Ownership Liability." This endorsement provided insurance coverage for automobiles not owned by appellee.

One Murray Rogers, a vice-president and the general manager of the appellee, a corporation, while driving his own automobile on August 27, 1947, was in a collision with a pedestrian, Doyle C. Johnston. The injured man, Johnston, employed attorneys, made a claim against appellee, and filed suit against appellee and Rogers. The insurance company (appellant) denied that the policy covered the claim or suit by Johnston. Nevertheless, the appellee effected a settlement with Johnston for $15,000; and the finding of the court below that the amount was reasonable is not challenged here. Expenses and attorneys' fees incurred by appellee in handling the Johnston claim and suit are stipulated.

The appellee sued the appellant insurance company and the underwriters for recovery of the amount paid in settlement. The suit against the underwriters was dismissed and the appellant answered denying coverage for any amounts. As the result of a pretrial conference, many of the facts were stipulated, and the suit was tried in the court below before the judge, without a jury. The trial court filed its findings of fact and conclusions of law, upon which judgment was entered against the insurance company for the amount of the policy with interest, attorneys' fees, and all costs. This appeal being duly perfected, the contents of the record were stipulated, and photostatic copies of the insurance policy in controversy were furnished for members of the court by the appellant, which contends that the trial court erred in holding that said policy provided insurance coverage to appellee for the Johnston claim.

Other specifications of error by appellant go more into detail, and are to the effect that (a) the court erred in holding that the exception in the non-ownership endorsement for any automobile owned by any executive officer of the named insured was not applicable; (b) the court erred in holding that the exception in the non-ownership endorsement for an automobile owned by any executive officer was applicable only to coverage for such executive officer, and was not applicable to the named insured; and (c) the court erred in holding that the non-ownership endorsement described the automobile owned by Rogers, the vice-president of appellee, involved in the accident with Johnston. The appellant attributes all these errors to the alleged unsupported finding that Rogers' own automobile, which was involved in the Johnston accident, was particularly described in the non-ownership endorsement.

Many of the so-called findings of fact of the trial court are not entitled to much weight, because most of the relevant facts upon the controlling issues in the case were brief and stipulated; but there were some issues of fact decided by the trial court that are material here, one of which was whether Rogers was on appellee's business at the time of the injury. The trial court found that he was, and that finding is not challenged here. The court also found, or it was stipulated, that the policy of insurance with the non-ownership endorsement on it was in full force at the time of the injury; that the accident giving rise to the claim and suit against appellee arose from the operation by Rogers, vice-president and general manager of the corporation, of his personally owned automobile, which was being used on appellee's business; that Rogers was a class-one person of Goose Creek, Texas, who used his automobile in appellee's service; and that the latter paid the appellant a premium for coverage of such automobile. The court concluded that it would be unreasonable to suppose that such automobile was listed in the policy and premium paid thereon to insure Rogers only, and not appellee, against liability.

■■ The primary policy and the endorsement must be read together in order to determine the meaning of the entire contract of insurance. No contention is made here that the policy extended any coverage to Rogers individually. There are certain general coverage clauses in the policy, each of which states that the insurance applies to the named insured wherever the unqualified word is used; and, except where specifically stated to the contrary, also includes any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured. Endorsement 81 first states that the insurance applies to the named insured without any exception or qualification. It then defines what persons other than the named insured are afforded protection as insured persons. Such provisions are for personal liability insurance to certain persons other than the named insured. Thus protection is afforded the named insured in all events, with additional coverage for any executive officer except under certain conditions. The exception clauses do not apply to the named insured, but apply to the persons or claimants other than the named insured.

The trial court found it to be undisputed "that the automobile which struck and injured Johnston was a land motor vehicle not owned wholly or in part nor registered in the name of plaintiff, nor hired by plaintiff." This finding followed the exact definition in the endorsement and is amply supported by the record. Accordingly, we think, the judgment appealed from should be affirmed. Cf. National Mutual Ins. Co. v. Liberty Mutual Ins. Co., 90 U.S.App. D.C. 362, 196 F.2d 597; Linenschmidt v. Continental Casualty Co., 356 Mo. 914, 204 S.W.2d 295; Webster v. Inland Supply Co., 287 Ill.App. 567, 5 N.E.2d 849; United Roofing Co. v. Independent Bonding & Casualty Ins. Co., 155 A. 140, 9 N.J. Misc. 575.

Affirmed.