JOSEPH C. MacLELLAN, executor, *vs.* LIBERTY MUTUAL INSURANCE COMPANY.

Hampden.    October 9, 1963. — November 4, 1963.

Present: SPALDING, WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Insurance,* Motor vehicle liability insurance.

The proceeds of a motor vehicle liability insurance policy issued to a corporation could not be reached and applied in satisfaction of a judgment against an employee of the corporation for injuries resulting from his operation of his own automobile on the corporation's business where, although such use of an automobile "nonowned" by the corporation was the "hazard" described in the policy and the employee was included in an accompanying schedule of "Nonowned Automobiles," he was not an executive officer of the corporation and was not an insured under the

policy in view of a provision thereof defining the "insured" as meaning the named insured and any executive officer of the named insured.

BILL IN EQUITY filed in the Superior Court on May 8, 1961.

The suit was heard by *Tomasello, J.*

*Arthur D. Giustina* for the defendant.

*Thomas S. Carey* for the plaintiff.

SPALDING, J. On April 16, 1958, Walter G. Bruce was involved in an automobile accident which resulted in the death of Barbara A. MacLellan. Her executor brought an action against Bruce in which he obtained a judgment in the sum of $65,218.83. This judgment has been reduced by the payment of $25,000 and this suit is brought to reach and apply the proceeds of an insurance policy written by Liberty Mutual Insurance Company (Liberty). The judge made findings of material facts and found that the plaintiff was entitled to the sum of $40,218.83. From a decree accordingly Liberty appealed. The evidence is reported.

At the time of the accident Bruce was employed by the Trustees for County Aid to Agriculture (Trustees), a board established pursuant to the provisions of G. L. c. 128, §§ 40–45. He was driving his own automobile and was engaged in the Trustees' business. Liberty had issued an automobile policy to the Trustees and the question for decision is whether Bruce was covered by division 3 of the hazards which is the only one under which the policy furnished coverage.

"Division 3" of the hazards was defined as follows: "The use, by any person other than the named insured, of any nonowned automobile of the private passenger type in the business of the named insured as stated in the declarations . . . ." This hazard is pertinent here, for Bruce was engaged in the business of the named insured (Trustees) and was driving an automobile not owned by the Trustees. Under the heading "Definition of Insured" the policy reads: "With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and also includes, under divisions 1 and 2 of the Definition of Hazards, any person while using the automobile and any person or

organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and under division 3 of the Definition of Hazards, any executive officer of the named insured.'' Divisions 1 and 2 relate respectively to automobiles owned or hired by the insured and are not within the coverage of the policy. Division 3 would not include Bruce because he was not an executive officer of the named insured.

In short, the nonownership clause under consideration was designed to cover liability which might be imposed upon the named insured or its executive officers for the use of automobiles not owned by them, but owned and operated by certain designated employees for whose operation those insured might become liable under the doctrine of respondeat superior.

The plaintiff argues that there are other portions of the policy, not heretofore discussed, which bring Bruce within its terms as an insured person. Under a schedule of the policy designated ''Item 4 Declarations — Schedule Non-Owned Automobiles,'' the number of persons designated as ''Class 1'' is ten. Admittedly Bruce belongs to this class, although not specifically named. But this does not aid the plaintiff. The schedule, relied on by the plaintiff, does not enlarge the definition of insured but describes only the hazard. To be covered the plaintiff must show not only that Bruce is within a described hazard but that he was also an insured person under the policy. However, only the named insured (Trustees) and their executive officers belong to this class. Thus Bruce is not an ''insured'' person within this policy. Cases construing similar policies which support this construction are *Webster v. Inland Supply Co.* 287 Ill. App. 567, *Linenschmidt v. Continental Cas. Co.* 356 Mo. 914, and *Fertig v. General Acc. Fire & Life Assur. Corp. Ltd.* 171 Misc. (N. Y.) 921. We have examined the decisions cited by the plaintiff and to the extent that they support a contrary conclusion we do not follow them.[1]

---

[1] The only case which might be said to be contrary to the result reached is *LeBlanc v. New Amsterdam Cas. Co.* (Ct. App. La.) 8 So. 2d 83, affd. 13 So. 2d 245.

The final decree is reversed and a new decree is to be entered dismissing the bill. The defendant is to have costs of this appeal.

*So ordered.*