J. M. CORBETT CO., Plaintiff-Appellant, *v.* INSURANCE COMPANY OF NORTH AMERICA *et al.*, Defendants-Appellees.

First District (4th Division)    No. 59414

Opinion filed October 27, 1976.—Rehearing denied December 10, 1976.

Leo J. Doyle, Jr., and Leo M. Tarpey, Jr., both of Chicago, for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, John W. Dondanville, and Daniel J. Cheely, of counsel), for appellee Insurance Company of North America.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

The plaintiff, J. M. Corbett, brought a declaratory judgment action against the defendant, insurer, the Insurance Company of North America (hereinafter INA), asking the court to determine whether the defendant was required to defend plaintiff in a suit filed by Roy Farthing. The trial

court decided the case in favor of the defendant and the plaintiff appeals. The sole issue raised on review is whether the indemnity clause in the certificate of insurance issued by the defendant to the plaintiff is limited by the exclusion in the insurance policy referred to in the certificate of insurance.

The complaint for declaratory judgment reveals that Robert Schreiber, the subcontractor, entered into a contract with Corbett, the contractor, on August 9, 1965, for certain work at the Calumet-Sag navigation project. The contract contained a provision that the subcontractor would indemnify and hold harmless the contractor "against any * * * claims for injury or death to persons or damage to property (including costs of litigation and attorneys fees) in any matter * * * connected with * * * work * * * performed under this contract * * * by negligence * * * on the part of the contractor or its employees." The contract also provided that the subcontractor would furnish insurance with a satisfactory company to the contractor. Schreiber, in accordance with the contract, procured a policy of insurance from INA, and the insurer tendered a certificate of insurance which was accepted by Corbett. The face of the certificate enumerated the various types of coverage, the dollar limits of the coverage, the numbers of the insurance policies issued, as well as their expiration dates. Under the heading Comprehensive General Liability, part D, which is products liability, in the boxes marked policy number and expiration date we find the words "coverage excluded." If we examine the exclusion section in the insurance policy, which was not attached to the certificate of insurance, part "h" states:

"This policy does not apply:
* * *

(h) Under coverage B, to injury to or destruction of property owned or transported by the insured, or property rented to or in charge of the insured other than a residence or private garage injured or destroyed by a private passenger automobile covered by this policy;"

However, the certificate of insurance also contains the following indemnity provision:

"It is understood and agreed that the Subcontractor will indemnify and save harmless the Contractor from and against any and all claims for injury or death to persons or damage to property (including costs of litigation and attorney's fees) in any matter caused by, arising from, incident to, connected with or growing out of the work to be performed under this Contract, regardless of whether such claim is alleged to be caused, in whole or in part, by negligence, or otherwise, on the part of the Contractor or its employees;"

On September 17, 1965, a truck rented by Farthing to Schreiber was involved in an accident at 130th and Torrence Avenue where Corbett was relocating an area of the South Shore Railroad. When Farthing sued Corbett for property damage, plaintiff demanded that the defendant assume the defense of the lawsuit. INA declined because of the exclusion for rented vehicles in the insurance policy which the certificate indicated was to be in force. Corbett thereupon filed this action and, after both parties moved for summary judgment, the trial court entered judgment for the defendant.

■■ The plaintiff argues that the defendant's certificate of insurance, which was supplied by defendant to plaintiff, does not contain any language indicating that the certificate is subject to the terms and conditions of the policy between INA and Schreiber. Even though the certificate does not contain language that indicates it is subject to the policy, accompanying paper, riders, and endorsements constituting a part of the contract are to be construed with the insurance policy. Therefore, where a contract of insurance consists of a policy and other papers or documents, executed as a part of one transaction and accompanying the policy or incorporated therein by attachment or reference, they must be construed together in order to determine the meaning and effect of the insurance contract. (*Otto v. Allstate Insurance Co.* (1971), 2 Ill. App. 3d 58, 61, 275 N.E.2d 766; *Metro Inter-Insurance Exchange v. Anthony* (1971), 1 Ill. App. 3d 612, 615-16, 275 N.E.2d 296.) We think that the certificate of insurance is an accompanying paper or document since the main policy is referred to in the certificate by number. Consequently, the certificate incorporates the policy by reference and the two documents must be construed together in order to determine the meaning and effect of the policy.

Plaintiff submits that the indemnity provision in the certificate of insurance becomes operative when an accident occurs, such as the one herein, and the defendant must defend and hold harmless the holder of the certificate. The insurer argues that the certificate of insurance did not provide coverage for rented vehicles since they are specifically excluded from coverage in the policy. Although the parties agree that the vehicle involved in the accident was rented, and that the policy was not attached to the certificate, they disagree about the interpretations that should be given to the declarations in the two documents.

■■■ The fundamental law of construction in insurance contracts is that all uncertainty should be resolved in favor of the insured. (*Convery v. Brotherhood of Railroad Trainmen* (1914), 190 Ill. App. 479, 482.) So, where ambiguity exists in an insurance contract (*Webster v. Inland Supply Co.* (1936), 287 Ill. App. 567, 574, 5 N.E.2d 849), or where an equivocal expression is included narrowing the range of liability, the

language used will be liberally construed to effectuate indemnification. (*Hill v. Standard Mutual Casualty Co.* (7th Cir. 1940), 110 F.2d 1001, 1003; *Mosby v. Mutual Life Insurance Co.* (1950), 405 Ill. 599, 607, 92 N.E.2d 103.) In our opinion, the indemnity provision in the certificate of insurance, in which the insurer convenants that the subcontractor will indemnify the contractor against all claims for injury or damage to property including the cost of litigation and attorney's fees in any matter growing out of work performed under this contract, would provide coverage when the protected party is sued for property damage. The words in the indemnity provision are simple everyday words and the variety of situations which they cover is broad. Nevertheless, we are mindful of the fact that there is an exclusion for rented vehicles in the policy between the insurer and the subcontractor; however, we note that the plaintiff did not receive a copy of the main policy. When there is a conflict between the provisions of the policy proper and the provisions of the attached rider or endorsement, the rider or endorsement will control (*Metro Inter-Insurance Exchange v. Anthony* (1971), 1 Ill. App. 3d 612, 616, 275 N.E.2d 296) and, if there are any exceptions to the general area of protection, they must be stated in such language and bold type as to warrant the conclusion that the insured understood and accepted them. *Michigan Mutual Liability Co. v. Hoover Bros., Inc.* (1968), 96 Ill. App. 2d 238, 246, 237 N.E.2d 754.

■■ The indemnity clause in the certificate of insurance conflicts with the exclusion provision in the main policy since the latter limits the types of vehicles covered. Moreover, the exclusion for rented vehicles does not appear on the certificate and, the main policy, which contains the excluded areas of protection, was not tendered to plaintiff. We think that the indemnity provision, when read in conjunction with the exclusion for rented vehicles, makes the extent of the contractor's coverage uncertain, and we decided to effectuate indemnification by resolving the uncertainty in favor of the person who was to be indemnified. Consequently, we hold that the exclusion for rented vehicles in the insurance policy does not apply to plaintiff since it conflicts with the indemnity clause and the exclusions were not enumerated in the certificate of insurance tendered to plaintiff.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

DIERINGER and BURMAN, JJ., concur.