UNITED STATES FIRE INSURANCE COMPANY, Plaintiff-Appellee, *v.* BARBARA SCHNACKENBERG *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 79-862

Opinion filed September 30, 1980.

Wayne F. Plaze and Christine M. Wheelock, both of Rooks, Pitts, Fullagar & Poust, of Chicago, for appellants.

Kenneth T. Garvey, of Purcell & Wardrope, Chartered, of Chicago, for appellee.

Miss PRESIDING JUSTICE McGILLICUDDY delivered the opinion of the court:

The plaintiff, United States Fire Insurance Company, brought this declaratory judgment action in the Circuit Court of Cook County seeking a declaration that a certain liability insurance policy issued to the defendant, Barbara Schnackenberg, did not afford any coverage to said defendant and her son, Mark, for any cause of action predicated upon bodily injury sustained by the defendant, Maria T. Strehlow, on or about September 3, 1975. In granting the plaintiff's motion for summary judgment, the court found that there was no coverage and that the plaintiff was not obligated to defend Mark in a personal injury action brought against him by Strehlow. On appeal the defendants argue that the trial court's findings were erroneous.

In her complaint Strehlow alleged that on September 3, 1975, she was

struck by a bicycle ridden by Mark and that she sustained personal injuries. It is undisputed that the accident occurred at or near the intersection of Arlington Place and Clark Street in Chicago, Illinois. This location is approximately 2½ blocks from 2444 N. Orchard Street, the insured premises. It is also undisputed that at the time of the accident Mark was riding his bicycle for pleasure purposes.

The pertinent portions of the insurance policy issued to Schnackenberg provide as follows. The insurer agrees to pay on behalf of the insured:

> "* * * all sums which the insured shall become legally obligated to pay as damages because of
>
>> A. bodily injury or
>> B. property damage
>
> to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto * * *."

The definition of the insured premises which is contained in the endorsement to the policy reads:

> "* * * the premises described below (2444 N. Orchard Street) or designated in the policy as subject to this endorsement, including the ways immediately adjoining and including garages and stables incidental thereto, gardens incidental thereto on land not owned by the named insured, and individual or family cemetery plots or burial vaults."

In addition, the endorsement specifically excludes coverage for bodily injury or property damage "arising out of the use of bicycles by or on behalf of the insured for trade, professional or business purposes."

The plaintiff contended in its motion for summary judgment that because the accident did not occur on the "insured premises" as defined in the insurance policy, no coverage was afforded for the cause of action asserted by Strehlow. The court agreed with the plaintiff's position and granted summary judgment.

The defendants assert, however, that instead of focusing on the definition of "insured premises," the court should have examined the scope of coverage under the policy and determined whether the use of a bicycle for pleasure by a child of the insured to travel to and from home is incidental to the "ownership, maintenance or use of the insured premises," a family residence. We agree. The scope of coverage under the policy, occurrences "arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto," was not limited by the definition of "insured premises" or by any other provision of the policy. Therefore, we must interpret the coverage provision to determine what occurrences are covered by the policy.

The policy does not define what is "incidental" to the use of the insured premises, and we are unable to locate any decision which discusses what activities are incidental to the use of a family residence. We believe this phrase is ambiguous (see 7A Appleman, Insurance Law & Practice §4493.02, at 76 (1976)) and that the insured could reasonably conclude that her child's recreational use of a bicycle to travel to and from home is incidental to the use of her residence.

■■ When an ambiguity exists in an insurance policy, that ambiguity must be resolved in favor of the insured to effectuate indemnification. (*Kirk v. Financial Security Life Insurance Co.* (1978), 75 Ill. 2d 367, 389 N.E.2d 144; *J. M. Corbett Co. v. Insurance Company of North America* (1976), 43 Ill. App. 3d 624, 357 N.E.2d 125.) The reason for this rule is that the insurer drafted the policy and should be held responsible for any ambiguity which results from the words it selects. (*Brady v. Highway Commissioner* (1975), 24 Ill. App. 3d 972, 322 N.E.2d 236.) Applying this principle, we hold that there is coverage under this policy and that the plaintiff is obligated to defend Mark in Strehlow's personal injury action against him.

■■ We note that the policy specifically excludes coverage for damages "arising out of the use of bicycles by or on behalf of the insured for trade, professional or business purposes." The issue of coverage is determined by the policy's definition of coverage, not by the various exclusions therein. (*Ludwig Candy Co. v. Iowa National Mutual Insurance Co.* (1979), 78 Ill. App. 3d 306, 396 N.E.2d 1329.) However, when an exclusion is contained in an insurance policy, a presumption arises that that which is not clearly excluded from the operation of the contract is included. (13 Appleman, Insurance Law & Practice §7403, at 322 (1976).) Although the exclusion is not conclusive as to the issue of coverage, we believe it contributes to the ambiguity of the policy and provides support for our conclusion that the insured intended to purchase a policy which would indemnify her for damages resulting from her child's recreational use of his bicycle.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby reversed, and this matter is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

McNAMARA and SIMON, JJ., concur.