HAWAIIAN INSURANCE AND GUARANTY COMPANY, Plaintiff-Appellant, *v.* PATRICIA FERNANDEZ, Individually, as Prochein Ami of CHRISTOPHER KALAI FERNANDEZ, ALIKA FERNANDEZ and KEALIIPUNAHELE FERNANDEZ, minors, and as Administratrix of the Estate of ERNEST B. FERNANDEZ, JR., Deceased; STATE OF HAWAII, SHIMIZU & SONS CONSTRUCTION, INC., LELAND MARCIEL, dba MARCIEL TRUCKING COMPANY, and GLOBAL CONSTRUCTION CO., INC., Defendants-Appellees

NO. 7654

(CIVIL NO. 3820)

MARCH 15, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal in a declaratory judgment action brought by appellant, an insurer, against its insured and others to determine the extent of its obligations. It involves the same accident as was involved in No. 7856, *Fernandez v. Shimizu.* The question raised by the parties is whether, because of an agreement signed by Shimizu indemnifying Global, the appellant, Hawaiian Insurance & Guaranty Company, under its policy (issued to Appellee Shimizu & Sons Construction, Inc.) and its certificate of insurance with respect thereto (issued to Appellee Global Construction Co., Inc.), is liable to Global over

and above the $500,000 limit on bodily insurance coverage per occurrence for Shimizu's negligence stated in the policy.

The court below entered a summary judgment which provided in part:

Plaintiff is adjudged liable to Defendant Global Construction Co., Inc., as if Plaintiff had issued an insurance policy pursuant to the subcontract agreement between Defendant Global Construction Co., Inc., and Defendant Shimizu & Sons Construction, Inc.

Thus, although Global had not moved for a summary judgment, the order below granted it summary judgment against appellant. Appellant and Appellee Shimizu had each moved for a summary judgment. The court first granted Shimizu's motion, then when appellant moved for reconsideration, vacated the same, and entered the present order. That order was certified *nunc pro tunc* as an appealable one under Rule 54(b), HRCP.

The record, as is all too often the case, leaves much to be desired with respect to the documents upon which the judgment below was apparently made. Appellant attached to its complaint what it claimed to be a copy of the insurance policy. Both appellees denied that the same was the policy. None of the documents attached to the motions and memoranda below were either certified or sworn to. The three crucial documents appear to be the policy, the certificate of insurance dated January 15, 1977 issued to Global by United National Insurance Co., Ltd., and the contract between Shimizu and Global containing the indemnification provision. The continued cavalier disregard of the requirement that documents put forward in support of, or in opposition to, motions for summary judgment be either sworn or certified to as required by Rule 56(e), HRCP, is a matter of serious concern to us. The present record demonstrates why.

The coversheet of policy UGA102564 in item 3 provides that:

The Insurance afforded is only with respect to the following Coverage Part(s) indicated by specific premium charge(s).

Underneath this statement, there appear as coverage parts with premium charges: Automobile Physical Damage Insurance, Comprehensive Automobile Liability Insurance, Comprehensive General Liability Insurance, Uninsured Motorists Insurance and Use of Other Automobiles Broad Form. There is a box for Contrac-

tual Liability Insurance. It is blank as to both coverage parts and premiums. The certificate states:

> This Certificate of Insurance does not amend, extend or otherwise alter the terms and conditions of insurance coverage in policies *identified* above.

(Underscoring supplied.) If we could consider the uncertified and unsworn to documents appearing in the file, we might be able, on the face of those documents, to arrive at the conclusion that coverage under the indemnity agreement was, or was not, included under the certificate. Unfortunately, they are not either agreed to, sworn to or certified.

Appellee Shimizu, in its brief, cites *Corbett v. Insurance Co. of North America*, 43 Ill. App.3d 624, 357 N.E.2d 125 (1976), as supporting the judgment below. However, the certificate of insurance in that case contained an express indemnity agreement which was construed by the court to be broad enough to cover the contractual liability.

At argument, Appellee Global cited *United Pacific Insurance Co. v. Meyer*, 305 F.2d 107 (9th Cir. 1962). That case, however, was one decided after trial. The court, based on evidence, expressly found that in issuing the certificate, the insurer knew and understood that it was expected to cover contractual liability. The record here is insufficient to support a summary judgment on that basis, although on trial, it may be that facts can be adduced to support the appellees' affirmative defenses of estoppel, misrepresentation and/or fraud. Appellee Global's counsel, at oral argument, cited the deposition of Kenneth Kato as showing that appellant had knowledge of the contractual liability incurred under the indemnity agreement when it issued the certificate of insurance.[1] Counsel have furnished us with a copy of the deposition. On a reading thereof, we do not see that it gives the support to the claim of misrepresentation which counsel finds in it.

---

[1] The record in this case states that the deposition, by agreement of counsel, was not forwarded to the appellate court by the Clerk of the Second Circuit, even though it was designated as part of the record. Counsel have a responsibility for seeing that the record, which comes to the appellate court, is complete. If they agree to a portion thereof being retained in the circuit court and that portion is necessary to either uphold or defeat an order appealed from, they make the agreement at their peril.

The record before us, as we see it, is insufficient to support either the order entered below or an order in favor of either of the movants on their respective motions for summary judgment.

Reversed and remanded for further proceedings in accordance herewith.

*Gary N. Hagerman (Thomas E. Cook* with him on the briefs, *Lyons, Hagerman & Brandt* of counsel) for appellant Hawaiian Insurance & Guaranty.

*James F. Ventura (Libkuman, Ventura, Moon & Ayabe* of counsel) for appellee Global Construction.

*Everett Walton (Ueoka* and *Luna* of counsel) for appellee Shimizu & Sons Construction.