JOHN BADER LUMBER COMPANY, Plaintiff-Appellee, *v.* EMPLOYERS INSURANCE OF WAUSAU, Defendant-Appellant.

First District (1st Division)   No. 81—2848

Opinion filed November 1, 1982.

Jack L. Watson, of Schaffenegger, Watson and Peterson, Ltd., of Chicago, for appellant.

Lawrence G. Fretzin, of Chicago, for appellee.

JUSTICE McGLOON delivered the opinion of the court:

In a declaratory judgment action, the trial court granted plaintiff Bader Lumber Company's motion for summary judgment and entered an order requiring defendant Employers Insurance of Wausau to defend an action filed against Bader by a person injured on property owned by Bader. Defendant appeals and contends the trial court erred in entering summary judgment because a question of fact was presented.

We affirm.

Plaintiff John Bader Lumber Company (Bader) owned property located at 2020 North Clybourn Avenue in Chicago. The property was leased to American Can Company, and pursuant to the lease, American Can was to provide liability coverage for Bader with respect to the property. American Can obtained such insurance from defendant Employers Insurance of Wausau (Employers).

On February 14, 1979, the building on the leased premises was severely damaged by fire. On April 15, 1979, Robert R. Paul was injured on the premises when a wall of the building collapsed. Paul filed an action against Bader, which tendered the defense to Employers. Employers refused to defend the action.

Consequently, Bader filed a declaratory judgment action against Employers. After a hearing, the trial court granted Bader's motion for summary judgment and ordered Employers to defend that action against Bader. The trial court found that the insurance policy was in full force and effect on the date of the Paul accident and based this finding primarily on Employers' failure to notify Bader of cancellation of the policy as required by the certificate of insurance.

Employers argues on appeal that the trial court erred in granting Bader's motion for summary judgment. Employers maintains that evidence presented at the hearing indicated that Bader and American Can mutually agreed to terminate the lease between the time of the fire and the Paul accident, that under the terms of the policy issued to American Can and the certificate of insurance issued to Bader, coverage ceased when American Can was no longer a tenant, and that the question of termination of the lease was a question of fact precluding the entry of summary judgment. Employers relies on provisions of the master policy issued to American Can and the certificate of insurance issued to Bader to support its theory that coverage was to cease upon termination of the lease. In defining insureds, the master policy provided:

"As respects lessors of premises the inclusion of any such person, organization or estate applies only with respect to the ownership, maintenance or use of that part of any *premises leased* to the named insured as designated in a certificate of insurance by the company and operations necessary or incidental thereto." (Emphasis added.)

The certificate of insurance provided:

"Including the interests of John Bader Lumber Company as an additional assured as *respects the leased premises* located at 2020 North Clybourn Avenue, Chicago, Illinois." (Emphasis added.)

Employers argues that terms "leased premises" and "premises leased" clearly indicate that coverage under the policy was effective only while American Can leased the premises and automatically ceased upon termination of the lease.

We find Employers' argument unpersuasive. The certificate of insurance issued to Bader also provided that in the event of cancellation, 10 days' written notice of cancellation was to be provided to the insured. Rather than specifying an expiration date and occurrences which would terminate coverage, the certificate merely stated that coverage was effective until cancelled. The certificate was a one-page document which did little more than inform Bader that insurance was being provided by American Can.

■ Employers' interpretation of the policy and certificate conflicts with the unequivocal expiration date and cancellation provision in the certificate. In cases of ambiguities, inconsistencies, or conflicts, insurance agreements should be construed in favor of the insured and against the insurer who drafted the instrument. (*United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 429 N.E.2d 1203; *Dora Township v. Indiana Insurance Co.* (1980), 78 Ill. 2d 376, 400 N.E.2d 921; *National Discount Shoes, Inc. v. Royal Globe Insurance Co.* (1981), 99 Ill. App. 3d 54, 424 N.E.2d 1166.) We therefore find that notice to Bader was required by the terms of the certificate. Thus the policy was effective on the date of the Paul accident and the trial court did not err in ordering Employers to defend Paul's action against Bader.

■ Additionally, Employers cannot resort to provisions of the master policy issued to American Can to support its contention. Bader was never issued a copy of this policy. Thus Bader should not be held to have knowledge of significant exclusions or provisions and such provisions should not be considered. (*Van Vactor v. Blue Cross Association* (1977), 50 Ill. App. 3d 709, 365 N.E.2d 638, citing *Lecker*

*v. General American Insurance Co.* (1974), 55 Haw. 624, 525 P.2d 1114.) Bader was entitled to rely on the certificate of insurance issued by Employers. Significant conditions affecting coverage and its termination should have been made known to Bader.

■ Finally, we note that construction of the policies and contracts involved in this case was a question of law properly decided on a motion for summary judgment. (*State Farm Mutual Automobile Insurance Co. v. Schmitt* (1981), 94 Ill. App. 3d 1062, 419 N.E.2d 601.) The issue of whether notice was required could be decided strictly from the documents and no questions of fact were presented.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG and O'CONNOR, JJ., concur.