ARLINDA LEDBETTER, Plaintiff-Appellant *v.* LANNIE CRUDUP, Defendant.—(Illinois Founders Insurance Company, Garnishee-Appellee.)

Third District   No. 82—733

Opinion filed May 12, 1983.

Steven N. Fritzshall, of Fritzshall, Fritzshall & Bensinger, of Chicago, for appellant.

Andrew H. Marsch, of Wheaton, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff, Arlinda Ledbetter, was injured while on property owned by Lannie Crudup. Ledbetter sued Crudup and obtained a default judgment in the amount of $25,000, because of Crudup's failure to answer the complaint. Ledbetter, then, initiated a garnishment proceeding against Crudup's insurer, Illinois Founders Insurance Company (IFIC), the garnishee-appellee, in order to collect the judgment amount. IFIC filed its answers to the garnishment interrogatories stating that it was not in possession of any property or funds owing to Crudup. IFIC alleged, as a policy defense, that it had never received notice of the lawsuit and therefore, under the terms of the insurance contract, was not obligated to provide Crudup with insurance coverage in this case. In his statement, Crudup claimed that he delivered the summons and complaint to James Fox of the Baldwin Insurance Company (it was through James Fox that Crudup kept his coverage by IFIC current). It must be noted that Mr. Fox and Baldwin Insurance are not licensed agents of IFIC, but are brokers of IFIC insurance policies. IFIC filed a motion for summary judgment supported by the affidavit of Mr. Fox in which Mr. Fox denied having received the complaint and denied having sent the same to IFIC. The trial court resolved the conflict between the statements of Crudup and Fox in favor of Ledbetter by assuming that Crudup did deliver the complaint to Fox. However, the trial court found that the portion of Fox' statement wherein Fox claimed he did not forward the complaint to IFIC was undisputed. The court further found that Fox, a broker, was the agent of Crudup and not the agent of IFIC for the receipt of notice. The trial court ruled in favor of IFIC's motion and Ledbetter appealed.

The issue before this court is whether the lower court erred in holding that notice to the broker, Fox, was not notice to the insurance company, IFIC. Stated another way, the issue is whether, based upon the facts presented to the trial court, Mr. Fox was the agent of the insurance carrier or the agent of the insured for receipt of notice of the suit. If Mr. Fox acted on behalf of the insurance company, then the notice delivered to Mr. Fox would be considered as notice delivered to the insurance company.

The trial court correctly stated that it is the general rule that

a broker is one who acts on behalf of the insured, and not on behalf of the carrier. (Ill. Rev. Stat. 1981, ch.73, par. 1065.37; *Lynn v. Village of West City* (1976), 36 Ill. App. 3d 561, 564.) Nonetheless, the court below noted that there are two exceptions to the rule. One exception is custom. Courts have found an insurance company can be estopped from denying the authority of a broker to act on its behalf where the broker had acted in accordance with customary practices. A custom or usage becomes binding upon parties if it has been uniformly acquiesced in and applied by the parties for such a period of time so as to indicate that the custom was contemplated by the parties at the time formation of the contract was undertaken. A custom or usage should be established by the testimony of several witnesses. (*DeGraw v. State Security Insurance Co.* (1976), 40 Ill. App. 3d 26, 34.) In the instant case, the lower court observed that Ledbetter simply did not present the court with any witnesses which could have established the existence of a custom that brokers are the agents of insurance companies for notice of a suit.

The other exception considered by the lower court is course of dealings between a broker and an insurance company. In *Boston Store v. Hartford Accident & Indemnity Co.* (1922), 227 Ill. App. 192, 201, it is explained that "sometimes the actions of the company and its dealings with the broker create the relation of principal and agent between the company and the broker." This relation must be established by evidence of the dealings of the broker and the insurance company. On this issue, too, the trial court found an absence of evidence sufficient to establish an agency for notice of the suit.

Although not an issue on this appeal, it is worthwhile to note there is a third exception to the rule and that is a statutory exception. For example, the legislature has specifically made brokers the agent of the insurance carriers for the receipt of insurance premiums. Ill. Rev. Stat. 1981, ch. 73, par. 1065.52. See also *Davidson v. Comet Casualty Co.* (1980), 89 Ill. App. 3d 720, wherein the court held that this provision does not make a broker the insurer's agent for the purpose of transmitting refunds to the insured.

After reviewing the record, this court must agree with the conclusions of the trial court. We find no evidence of a customary practice, applicable to the case at hand, of allowing brokers to be the agents of insurance companies for the receipt of notice of a suit. On the issue of course of dealing, Ledbetter, in his brief, points to statements of Crudup and Fox which suggest that Fox told Crudup to bring any notice of claims directly to Fox and that Fox would forward the notice to the insurance carrier. This is only evidence of the con-

404

duct of Fox. In order to establish an agency relationship in fact or by estoppel, it was incumbent upon Ledbetter to provide the trial court with evidence of informed acquiescence or conduct of IFIC sufficient to create an agency. (*Fredrich v. Wolf* (1943), 383 Ill. 638, 640; *Crittendon v. State Oil Co.* (1966), 78 Ill. App. 2d 112, 117.) The trial court, being unable to find such evidence in the pleadings, statements and affidavits, properly found that Fox was not the agent of IFIC for the receipt of notice of the suit. Compare *Lynn v. Village of West City* (1976), 36 Ill. App. 3d 561, 565 (no conduct on the part of the insurance carrier), with *American Home Assurance Co. v. City of Granite City* (1978), 59 Ill. App. 3d 656, 663 (statements of insurance company employee as to course of dealing of insurance company with the broker).

It is the opinion of this court that the conclusions of fact made by the trial court are supported by the record and that its finding that Mr. Fox was not the agent of IFIC for receipt of the notice of the suit was correct. Therefore, the decision of the trial court is affirmed.

Affirmed.

STOUDER, P.J., and BARRY, J., concur.