**ALLEN SALTZMAN ASSOCIATES, INC., Plaintiff and Counter-defendant,**

v.

**AILEEN, INC., Defendant and Counter-plaintiff.**

**No. 84 C 1741.**

United States District Court, N.D. Illinois, E.D.

April 24, 1986.

---

Terri L. VanZandt, John R. Wylie, Abraham N. Goldman & Associates, Ltd., Chicago, Ill., for plaintiff and counter-defendant.

Samuel Weisbard, William P. Schuman, McDermott, Will & Emery, Chicago, Ill., for defendant and counter-plaintiff.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiff moves for the court's reconsideration of its resolution of plaintiff's claims on December 17, 1985. Plaintiff Saltzman, a former sales representative for defendant Aileen, had sued for breach of contract and tortious interference with business relations. We found that plaintiff had withdrawn his count II for tortious interference and so dismissed it. On count I the question was whether custom and usage in the women's apparel industry had implied into plaintiff's oral contract with defendant a provision entitling him to notice of termination at least sixty days before the beginning of the selling season. We held that defendant had shown that there was no such custom and usage, and granted summary judgment for defendant. *Allen Saltzman Associates, Inc. v. Aileen, Inc.*, No. 84 C 1741 (N.D.Ill. Dec. 17, 1985) [Available on WESTLAW, DCTU database]. Plaintiff now argues that: (1) this court erred in dismissing count II because plaintiff did not withdraw all of his claims in that count; (2) this court also erred in not finding that his evidence indicated a genuine issue of fact on the custom and usage of the trade; (3) additional evidence not presented earlier due to excusable neglect further demonstrates a fact question on custom and usage. Plaintiff also proposes an amended complaint.

Plaintiff does not specify the authority on which his reconsideration motion is based. However, since a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) must be made within ten days of the judgment, while this motion was not filed until January 16, 1986, we conclude that the motion cannot be a Rule 59(e) motion. It must therefore be a mo-

tion for relief from the judgment under Rule 60(b). Such a motion is one "for extraordinary relief and requires a showing of exceptional circumstances." *Andrews v. Heinold Commodities, Inc.,* 771 F.2d 184, 188 (7th Cir.1985). Plaintiff has not shown such circumstances, and the motion is denied.

### Discussion

First, our judgment on count II was not in error. The claim is fairly read as one for tortious interference with either plaintiff's contract or plaintiff's business relations. The gist of the claim was that defendant wrongfully terminated plaintiff, thereby depriving him of commissions he expected to earn selling defendant's line of clothing to his established customers and wrongfully appropriating his good will with those customers. Defendant in its brief pointed out that as a party to the contract with plaintiff, it could not tortiously interfere with its own contract. Alternatively, since the evidence showed that it directed no conduct towards Saltzman's customers, it could not have tortiously interfered with Saltzman's relations with those customers. Plaintiff responded in his brief as follows:

> After reviewing and analyzing the information obtained to date through discovery, plaintiff hereby withdraws its claim against Aileen for tortious interference with business relationships, rendering defendant's motion for summary judgment as to count II of plaintiff's complaint moot.

(Plaintiff's response to defendant's motion for summary judgment, p. 6.)

■ The only reasonable construction of those words is that all of count II was withdrawn. The count was properly dismissed. As an alternative basis for the outcome, however, we now find judgment for Aileen on count II as a matter of law. Defendant is correct. A party cannot interfere with its own contract, and there is no evidence that Aileen directed any tortious conduct towards Saltzman's customers. *See, e.g., Westland v. Sero of New Haven, Inc.,* 601 F.Supp. 163 (N.D.Ill.1985);

*Medina v. Spotnail, Inc.,* 591 F.Supp. 190 (N.D.Ill.1984).

■ Secondly, we did not err in finding summary judgment for Aileen on count I. It is true, as plaintiff asserts, that the existence of custom and usage is a question of fact. However, for custom and usage of a trade to provide an implied term of a contract under Illinois law, the practice "must be so well known, uniform, long-established, and generally acquiesced in so as to induce the belief that the parties contracted with reference to it." *Dahly Tool Co. v. Vermont Tap and Die Co.,* 742 F.2d 311, 314 (7th Cir.1984). The plaintiff seeking to establish such custom and usage thus, as a practical matter, bears an unusually heavy burden of proof. He must have several witnesses, be able to show that the usage was generally known in the trade, and overall have such weight of the evidence on his side "to warrant a presumption that *all* contracts in the line of business to which the custom applies are made with reference to it." *Gord Industrial Plastics, Inc. v. Aubrey Manufacturing, Inc.,* 127 Ill.App.3d 589, 592, 469 N.E.2d 389, 392, 82 Ill.Dec. 855, 858 (2d Dist.1984) (emphasis added). *See also Ledbetter v. Crudup,* 114 Ill.App.3d 401, 449 N.E.2d 265, 70 Ill.Dec. 391 (3d Dist.1983).

■ Plaintiff points to the deposition testimony of Saltzman himself, and of his partner, that some kind of advance notice was a preferred practice in the trade, as well as terms in the form contract used by the salespersons' trade association in the 1960s, and says that this evidence prevents defendant from demonstrating the absence of a fact issue on the question. On many questions such fragmentary evidence would suffice to defeat a summary judgment motion. But the court's responsibility in summary adjudication is to determine if a *genuine* issue of fact exists, and in so doing it may consider the burden of proof a plaintiff would face at trial. *See Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1195 (5th Cir.1986). Plaintiff's burden here would be to show that all, or nearly all, contracts in his trade are made with reference to a notice provision. If defendant has shown

that even a significant portion of such contracts are not, it has shown that plaintiff could not meet that burden at trial.

■ Aileen has made a sufficient showing to meet the Rule 56 standard. In *Schulist v. Blue Cross of Iowa*, 717 F.2d 1127, 1134–35 (7th Cir.1983), the Seventh Circuit upheld a grant of summary judgment in circumstances similar to those here. A party had asserted that custom implied a contract term, and supported his stance with affidavit testimony. But there a few counter-affidavits were enough to defeat the assertion. Here, defendant went even further. As this court noted in our earlier memorandum (at p. 2), defendant had established that notice provisions not only are not the usual practice in the trade, but that they have become less, not more, common over time. Even plaintiff's own contracts have lacked such a term since 1975. Defendant thus had demonstrated that plaintiff could not show a "uniform practice generally acquiesced in" and was entitled to summary judgment.

■ Third, we come to the question of the additional evidence plaintiff now offers. It consists of an affidavit from plaintiff's counsel, copies of jury instructions from three trials in which plaintiff's counsel took the question of a notice provision implied into a salesperson's contracts from custom and usage to a jury, and an affidavit from an apparel salesman whom plaintiff intended to call as an expert witness at trial. Plaintiff argues that his failure to submit the evidence earlier is excusable due to turnover among his counsel's associates and the death of his counsel's mother while the motion was pending.

This court regrets the misfortunes which befell plaintiff's counsel. However, we cannot grant relief from a judgment unless the circumstances reach the extraordinary level necessary to make counsel's neglect excusable. *See, e.g., Dominguez v. United States*, 583 F.2d 615 (2d Cir.1978), *cert. denied*, 439 U.S. 1117, 99 S.Ct. 1023, 59 L.Ed.2d 76 (1979). The reasonably prudent counsel under these circumstances would have filed for an extension of time. *Clergy and Laity Concerned v. Chicago Board of Education*, 586 F.Supp. 1408 (N.D.Ill.1984). Plaintiff's counsel did not. Further, even if we could consider plaintiff's additional evidence, it would not be likely to change the result. We do not know what evidence the defendants offered in the three cases to which plaintiff refers us. We have seen defendant's evidence in this case and it demonstrates that notice provisions do not occur in apparel salespersons' contracts with enough frequency to be considered a trade custom and usage.

Finally, plaintiff has requested leave to amend his complaint. The proposed complaint, with additional legal theories in count II, rests on essentially the same factual allegations as the prior complaint. We think our judgment adequately disposes of the issues raised by both old and new complaints and allowing the amendment would only extend the duration of this suit to no useful purpose. We deny leave to amend.

### Conclusion

Plaintiff's motion to reconsider this court's judgment of December 17, 1985, and plaintiff's motion to amend his complaint, are both denied.