916 F.2d 1082
 T.H.E. INSURANCE COMPANY, Plaintiff-Appellee, Cross-Appellant,
v.
Wally NAGHTIN; Kevin Kuhn, Sr.; Linda Kuhn; Kevin Kuhn,
Sr., father and natural guardian of Kevin Kuhn, Jr., a
minor; Kevin Kuhn, Sr., father and natural guardian of
Kristina Kuhn, a minor; Kevin Kuhn, Sr., father and natural
guardian of Susan Kuhn, a minor; Michael Siegenthal, Sr.;
Deborah Siegenthal; Michael Siegenthal, Sr., father and
natural guardian of Michael Siegenthal, Jr., a minor;
Michael Siegenthal, Sr., father and natural guardian of
Matthew Siegenthal, a minor; Showmen's Insurance Agency,
Inc., Defendants;
Mansfield Square Ltd., dba Kingsgate Mall, Intervenor
Defendant-Appellant, Cross-Appellee.
 Nos. 89-3469, 89-3505.
 United States Court of Appeals,
Sixth Circuit.
 Argued June 4, 1990.
Decided Oct. 18, 1990.
 
 Donald E. Theis (argued), Baren, Piper, Tarkowsky & Fitzgerald, Toledo, Ohio, for plaintiff-appellee cross-appellant.
 David Nittskoff, Cleveland, Ohio, for defendants.
 Mark S. Maddox (argued), Frost & Broschak, Columbus, Ohio, for intervenor defendant-appellant cross-appellee.
 Before JONES and RYAN, Circuit Judges, and PECK, Senior Circuit Judge.
 JOHN W. PECK, Senior Circuit Judge.
 
 
 1
 Mansfield Square, Ltd. ("Mansfield"), intervenor in a declaratory action brought by T.H.E. Insurance Company ("T.H.E.") against its insured, seeks to appeal the district court's holding that a certificate of insurance issued by an asserted agent of T.H.E. did not estop T.H.E. from denying coverage to its insured for an incident that may expose Mansfield to substantial personal injury liability. T.H.E. raises the preliminary issue of Mansfield's standing to bring this appeal. Based in part on our decision not to set aside the district court's finding that the insurance broker who issued the certificate of insurance to Mansfield did so as an agent of T.H.E., we conclude that Mansfield has standing. We hold that the certificate of insurance, which by its terms created or defined no rights, does not estop T.H.E. from denying coverage. Accordingly, the judgment of the district court in all respects is AFFIRMED.
 
 I. Facts
 
 2
 Wally Naghtin, the insured under the T.H.E. policy, operated a travelling bear show. On March 5, 1988, an incident occurred at Kingsgate Mall, which is owned and operated by Mansfield. The incident occurred one hour after one of Naghtin's theatrical bear performances and involved the alleged injury of members of two families during a photo opportunity with a seven year old adult bear named Fluffy. The family members have filed suit in state court against Naghtin and Mansfield.
 
 
 3
 Naghtin first obtained liability insurance coverage for the bear act in April, 1986, from T.H.E.'s predecessor, through insurance broker Steven Brody, the president of Showmen's Insurance Agency. The one million dollar general liability policy covered "Bears in Cages Display, Bear Acts, Photos with Bear Cubs." In April, 1987, Brody obtained a one-year renewal of the policy with T.H.E. Naghtin never read the policies. Prior to the March, 1988, performance at Kingsgate Mall, and at the request of Naghtin's booking agent, Brody issued a certificate of insurance to Kingsgate, stating that Naghtin had one million dollars of insurance coverage for "Animal Display, Photos, etc. (Goldi-Locks & the Bears)." The district court found that it was common practice for Brody to issue such certificates on Naghtin's behalf. Two disclaiming statements appeared on the face of the certificate:
 
 
 4
 This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below.
 
 
 5
 * * * * * *
 
 
 6
 This is to certify that policies of insurance listed below have been issued to the insured named above for the policy period indicated. Notwithstanding any requirement, term or condition of any contract or other document with respect to which this certificate may be issued or may pertain, the insurance afforded by the policies described herein is subject to all the terms, exclusions, and conditions of such policies.
 
 
 7
 Apparently relying on the certificate, an employee of the mall contracted for Naghtin's show to appear there March 2-6, 1988.
 
 
 8
 Following a bench trial, the district court held that the T.H.E. policy did not cover the March 5 incident because it did not cover photo opportunities with adult bears. The court found that Steven Brody acted as an agent for T.H.E. when he issued the certificate of insurance. However, rejecting Mansfield's argument to the contrary, the court held that the certificate did not estop T.H.E. from denying coverage to Naghtin. Only Mansfield appeals.
 
 II. Standing
 
 9
 We first examine whether Mansfield has standing to bring this appeal. Standing is a threshold inquiry which we must consider prior to reaching the merits of an appeal. E.g., Secretary of State of Maryland v. Joseph H. Munson Co., 467 U.S. 947, 954 n. 4, 104 S.Ct. 2839, 2845 n. 4, 81 L.Ed.2d 786 (1984). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 2204, 45 L.Ed.2d 343 (1975). Article III of the Constitution confines our jurisdiction to the decision of "cases" or "controversies." Standing is one aspect of that limitation, requiring a party to have an actual injury or claim. Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 476 n. 13, 102 S.Ct. 752, 760 n. 13, 70 L.Ed.2d 700 (1982). The appropriate inquiry has been framed as follows: "[T]he standing question is whether a plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." Warth, supra, 422 U.S. at 498-99, 95 S.Ct. at 2204-05 (quoting Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962)) (footnote omitted). Standing may be a bar to appeal even though a litigant had standing in the action before the district court. See, e.g., Diamond v. Charles, 476 U.S. 54, 69, 106 S.Ct. 1697, 1707, 90 L.Ed.2d 48 (1986).
 
 
 10
 Mansfield argues that it has standing to bring this appeal even though Naghtin did not choose to do the same. Mansfield intervened in the declaratory action in order to assert its claim that T.H.E. should be estopped from denying coverage for the incident based on the certificate of insurance indicating coverage. This is the same issue Mansfield asserts on appeal. Before deciding whether Mansfield has standing to appeal on this issue, we must rule on T.H.E.'s cross-appeal, in which it asks us to hold that the district court erred in finding that Steven Brody acted as an agent for T.H.E. when issuing the certificate. If we were to overturn that finding, Mansfield would have no claim against T.H.E. based on the certificate because T.H.E. would bear no responsibility for Mansfield's reliance on it. However, we affirm that finding.
 
 
 11
 In Ledbetter v. Crudup, 114 Ill.App.3d 401, 70 Ill.Dec. 391, 449 N.E.2d 265 (1983),* the court stated that it is the general rule that "a broker is one who acts on behalf of the insured, and not on behalf of the carrier." Id., 114 Ill.App.3d at 403, 70 Ill.Dec. at 393, 449 N.E.2d at 267. The court set forth two exceptions whereby the broker could be considered an agent of the insurance company: custom, and course of dealings between the broker and the company. Id., 114 Ill.App.3d at 403, 70 Ill.Dec. at 393, 449 N.E.2d at 267. Based solely on Brody's testimony, the court found that it was customary in the industry for a broker to issue certificates of insurance as evidence of coverage. T.H.E. suggests that this finding is unsupported because Illinois law requires testimony of several witnesses to establish custom. E.g., Ledbetter, supra, 114 Ill.App.3d at 403, 70 Ill.Dec. at 393, 449 N.E.2d at 267; DeGraw v. State Security Insurance Co., 40 Ill.App.3d 26, 34, 351 N.E.2d 302, 309 (1976). We need not decide whether custom was adequately established, however, because we hold that the district court did not err in finding that the course of dealings between Brody and T.H.E. established an agency relationship. This finding was supported by several functions Brody performed on T.H.E.'s behalf, as well as contested evidence that T.H.E. was actually aware that Brody was issuing certificates of insurance for Naghtin. The court's finding, which was not clearly erroneous, must be sustained. Anderson v. Bessemer City, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985); Fed.R.Civ.P. 52(a).
 
 
 12
 Returning now to the question of Mansfield's standing, we hold that Mansfield "has 'alleged such a personal stake in the outcome of the controversy' as to warrant [its] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on [its] behalf." Warth, supra, 422 U.S. at 498-99, 95 S.Ct. at 2204-05 (quoting Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962)) (footnote omitted). The estoppel argument which Mansfield asserts here is unique to Mansfield, for Mansfield is the only party to which the certificate was issued and the only entity capable of arguing that it was induced to rely thereon. Furthermore, if Mansfield were to succeed on that issue, its potential liability exposure would decrease, for it would benefit from T.H.E.'s contribution should Mansfield and Naghtin be held jointly and severally liable for injuries sustained.
 
 
 13
 We reject T.H.E.'s contention that Allstate Insurance Co. v. Wayne County, 760 F.2d 689 (6th Cir.1985), is controlling. In Allstate, the district court held against all defendants in a declaratory judgment action arising out of a shooting incident between a Wayne County deputy sheriff and a citizen. Allstate had named the deputy sheriff, Wayne County, the sheriff, and others in the action to determine whether it had a duty to defend the deputy sheriff under his homeowner's policy. Only Wayne County and the sheriff appealed. This court held that they lacked standing because there was no present or threatened injury. Id. at 694-95. Conversely, the possibility of payment by Mansfield here is very real, as noted above. One other fact further distinguishes Allstate: Allstate only dealt with the duty of an insurance company to defend its insured and expressly reserved opinion on the standing of intervenors or parties to a declaratory action to litigate an insurer's duty to indemnify. Id. at 694, 695 n. 6. As the latter is the case before us, we are not narrowly bound by Allstate.III. Estoppel to deny coverage
 
 
 14
 Mansfield argues that it reasonably relied on the certificate of insurance as evidence of full coverage for the bear act. Mansfield relies on the following definition of estoppel:
 
 
 15
 "Estoppel refers to the reliance by one party on the word or conduct of another whereby the party changes its position and subsequently suffers harm. It arises whenever one by his conduct, affirmative or negative, intentionally or through culpable negligence, induces another to believe and have confidence in certain material facts, and, the latter having the right to do so, relies and acts thereon, and is, as a reasonable and inevitable consequence, mislead [sic] to his injury."
 
 
 16
 American States Insurance Co. v. Action Fire Equipment, Inc., 157 Ill.App.3d 34, 38, 109 Ill.Dec. 258, 261, 509 N.E.2d 1097, 1100 (emphasis supplied), appeal denied, 116 Ill.2d 547, 113 Ill.Dec. 291, 515 N.E.2d 100 (1987). We hold that under Illinois law the certificate of insurance here was not evidence of policy coverage for photo opportunities with adult bears because the certificate clearly stated that it was subject to the terms of the policy. American States, supra, 109 Ill.Dec. at 262, 509 N.E.2d at 1101; Lezak & Levy Wholesale Meats, Inc. v. Illinois Employers Insurance Co., 121 Ill.App.3d 954, 957, 77 Ill.Dec. 419, 460 N.E.2d 475 (1984). Thus, Mansfield had no right to rely and act on the certificate, and Mansfield does not satisfy the elements necessary for an estoppel claim. The cases cited by Mansfield in which the courts enforced coverage listed in a certificate that was excluded in an actual insurance policy are clearly distinguishable, for the certificates in those cases did not contain any disclaiming language similar to the language in the certificate here and those in American States and in Lezak & Levy. See International Amphitheatre Co. v. Vanguard Underwriters Insurance Co., 177 Ill.App.3d 555, 568, 126 Ill.Dec. 808, 817, 532 N.E.2d 493, 502 (1968); John Bader Lumber v. Employers Insurance, 110 Ill.App.3d 247, 249, 65 Ill.Dec. 792, 794, 441 N.E.2d 1306, 1308 (1982); J.M. Corbett Co. v. Insurance Company of North America, 43 Ill.App.3d 624, 625, 2 Ill.Dec. 148, 150, 357 N.E.2d 125, 127 (1976).
 
 
 17
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 18
 RYAN, Circuit Judge, concurring in part, dissenting in part.
 
 
 19
 For the reasons stated in the majority opinion, I agree that Mansfield's estoppel claim is without merit.
 
 
 20
 However, I do not find it necessary to reach the merits in this appeal since the preliminary jurisdictional requirement of standing is not satisfied. Only where a party "has sustained or is immediately in danger of sustaining some direct injury" may the party call upon a federal court to exercise its powers. Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983). To confer standing, the danger of sustaining future harm must be both "real" and "immediate." Id. Alleged injury that is merely "conjectural" or "hypothetical" will not suffice. Id.; see also Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471-76, 102 S.Ct. 752, 757-61, 70 L.Ed.2d 700 (1982).
 
 
 21
 Before Mansfield Square, Ltd. would be in "immediate danger of sustaining some direct injury" from relying on the insurance certificate, a number of things must occur that, as yet, have not. Mansfield must be sued by an injured party, held responsible for injuries sustained as a result of the bear show, and then be held entitled to contribution or indemnity from Naghtin. Liability based upon such contingencies is, to say the least, "conjectural" and "hypothetical".
 
 
 22
 Therefore, I would dismiss this appeal for lack of jurisdiction.
 
 
 
 *
 The parties agree here, as they did in the district court, that the law of Illinois applies to this appeal