51 F.3d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry CAMPBELL, Plaintiff-Appellant,
v.
Dr. R. CRANTS; Joe Driskell; Robert Shaw; Larry Adkisson;
Tony M. Jerrolds; J. Benjamin; Senior Staggs; Mel
Wright; Theresa Cheves; Pam Johnson; Ronnie Kilburn;
John Doe, Defendants-Appellees.
 No. 94-5468.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1995.
 
 1
 Before: JONES and BATCHEDLER, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 Henry Campbell, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Campbell sued various state prison officials, including the president of the Corrections Corporation of America (Crants), the warden at the South Central Correctional Center (Driskell), an assistant warden (Shaw), the chief of security (Adkisson), a classification coordinator (Jerrolds), a unit manager (Benjamin), twelve correctional officers (including Staggs, Kilburn and ten John Does), the director of medical services (Wright), and the director of nurses (Johnson). The defendants were sued in both their individual and official capacities. Campbell alleged that the defendants violated his Eighth Amendment rights when they: 1) handcuffed and beat him following an incident in which a black inmate had allegedly been abused by white prison guards; 2) placed him in segregation in allegedly unconstitutional conditions and held him there even after allegedly false disciplinary charges had been dismissed; 3) transferred him to a higher security facility; and 4) denied him a mattress. Campbell also alleged that the defendants maintained discriminatory hiring practices.
 
 
 4
 The case proceeded to trial on Campbell's claim that the defendants subjected him to cruel and unusual punishment and that he had been falsely charged with certain rule violations; the district court disposed of the remaining claims prior to trial. Thereafter, following the close of Campbell's evidence, the district court granted judgment as a matter of law in favor of defendants Crants, Driskell, Jerrolds, Wright, and Johnson. (Although the defendants moved for a directed verdict, the new version of Fed.R.Civ.P. 50 provides for the filing of a motion for judgment as a matter of law). Subsequently, following the close of all the evidence, the jury returned a verdict in favor of the remaining defendants, and the district court dismissed the action. Campbell never did file a motion for judgment as a matter of law or a motion for new trial.
 
 
 5
 On appeal, Campbell essentially argues that the jury's verdict is against the great weight of the evidence. He also argues that the district court improperly granted judgment as a matter of law in favor of defendants Crants, Wright and Johnson. Campbell does not challenge the district court's grant of judgment as a matter of law in favor of defendant Jerrolds.
 
 
 6
 Upon review, we conclude that Campbell did not preserve for appellate review his claim that the jury's verdict is against the great weight of the evidence as he did not file either a motion for new trial or a motion for judgment as a matter of law. See United States v. L.E. Cooke Co., 991 F.2d 336, 343 (6th Cir.1993); Dixon v. Montgomery Ward, 783 F.2d 55, 55 (6th Cir.1986). Further, we conclude that the district court properly granted judgment as a matter of law in favor of defendants Johnson, Driskell and Wright as it is clear that reasonable minds could come to but one conclusion regarding Campbell's claims against these defendants. Wayne v. Village of Sebring, 36 F.3d 517, 525 (6th Cir.1994); O'Brien v. City of Grand Rapids, 23 F.3d 990, 995 (6th Cir.1994). Campbell lacks standing to pursue his claim that defendant Crants has engaged in discriminatory hiring practices as Campbell had not applied for any of the positions that he alleged were improperly filled and thus has suffered no injury. See T.H.E. Ins. Co. v. Naghtin, 916 F.2d 1082, 1084 (6th Cir.1990). The district court properly granted the remaining defendants' motion for judgment as a matter of law because defendant Johnson was not deliberately indifferent to Campbell's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Campbell acknowledged that he had refused to take the insulin that defendant Johnson had prepared for him. Moreover, he acknowledged that the alleged incident only occurred on one occasion. In addition, defendant Johnson stated that she declined to permit Campbell to "draw up" his own insulin on the occasion in question because she could not give him the whole insulin bottle while he was inside a secured/closed door. Because defendant Johnson did not act improperly, defendants Driskell and Wright did not improperly decline to take disciplinary action against her.
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation