In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3225

T.H.E. INSURANCE COMPANY,

Plaintiff-Appellee,

v.

CITY OF ALTON,

Defendant-Appellant.


Appeal from the United States District Court
for the Southern District of Illinois.
No. 98 C 375--Paul E. Riley, Judge.


Argued May 10, 2000--Decided September 13, 2000


        Before EASTERBROOK, RIPPLE, and ROVNER, Circuit
Judges.

        ROVNER, Circuit Judge.  A tragic accident at a
municipal fireworks display gave rise to this
dispute over insurance coverage. The district
court concluded that the policy at issue excluded
coverage for bodily injury to "shooters," the
persons hired to ignite the fireworks on display,
and that this exclusion applied to the City as an
"additional insured." We agree that the City of
Alton was not entitled to rely on the general
coverage language in the certificate of insurance
because the certificate stated on its face that
it did not amend, extend or alter the terms of
the underlying policy. We therefore affirm the
district court's grant of summary judgment in
favor of T.H.E. Insurance Company.
I.

        The City of Alton hired Fireworks Partners,
Inc. d/b/a Madbombers Fireworks Production, Inc.
("FPI") to stage a fireworks display in
celebration of the Fourth of July holiday in
1997. The fireworks were to be launched from a
barge floating on the Mississippi so that they
would be visible at Riverfront Park in downtown
Alton. FPI was insured by T.H.E. Insurance
Company under a general commercial liability
policy. The policy excluded coverage for bodily
injury to shooters or their assistants hired to
perform displays, or anyone aiding in the display

of fireworks, whether or not these persons were employed by FPI, the named insured. Pursuant to the contract between FPI and Alton, FPI procured a certificate of insurance naming Alton and the Alton Expo Commission as additional insureds under FPI's insurance policy with T.H.E. Insurance. The one page certificate of insurance stated, in relevant part, "This certificate neither affirmatively nor negatively amends, extends or alters the coverage afforded by the policy(ies) described hereon."

An explosion during the July 3, 1997 fireworks display killed three FPI employees and injured a fourth. All were working as shooters or shooters' assistants at the time of the accident. The families brought suit against a number of defendants, including the City of Alton. Alton sought indemnification from T.H.E. Insurance. Alton had never received or reviewed FPI's underlying policy with T.H.E. Insurance, and was unaware of the exclusion for bodily injury to shooters. T.H.E. Insurance filed a declaratory judgment action against all of the defendants, seeking a declaration that it was not obliged to defend or indemnify the City of Alton or any of the other defendants. T.H.E. Insurance then moved for summary judgment, and the district court granted judgment in favor of T.H.E., declaring that T.H.E. had no obligation to defend or indemnify the City of Alton in the underlying tort litigation. The district court found that the City was not entitled to rely on the general language in the certificate of insurance when the certificate itself stated it did not alter, extend or amend the terms of the underlying policy. That notice was sufficient to inform the City that it must refer to the underlying policy to determine the extent of coverage, according to the district court. The district court also found that there was no conflict between the certificate and the policy itself and thus the shooters bodily injury exclusion applied to the City as an additional insured. The City of Alton appeals.

II.

The parties agree that Illinois law governs this dispute, and the City of Alton concedes that if the shooters exclusion applies to it as an additional insured, then T.H.E. Insurance has no duty to defend or indemnify the City against the claimed losses. Under Illinois law, construction of an insurance contract is a question of law, suitable for disposition by a court on a motion for summary judgment. See John Bader Lumber Co. v. Employers Ins. of Wausau, 441 N.E.2d 1306, 1307 (Ill. App. 1 Dist. 1982). Alton contends that the only document it received was the

certificate of insurance, which listed coverage but not exclusions. Alton maintains that the disclaimer language on the certificate was inadequate, and that the policy exclusions are in direct conflict with the certificate. Alton argues that the court is obliged to construe any conflicts between the certificate and the policy in favor of granting coverage on behalf of Alton, and that summary judgment was therefore wrongly granted. T.H.E. Insurance counters that the disclaimer put Alton on notice that it could not rely on the certificate to define coverage but was obliged to look to the underlying policy to determine the scope of coverage and exclusions. T.H.E. also maintains that there are no conflicts between the language of the certificate and the underlying policy and thus there are no ambiguities for the court to construe in Alton's favor. Because the certificate directs the insured to the policy and the policy disclaims liability for shooters, T.H.E. argues that summary judgment was appropriate.

Two lines of Illinois cases address the issue of coverage when there is a certificate of insurance separate from the policy itself. In one line of cases, where the certificate did not refer to the policy, and the terms of the certificate conflicted with the terms of the policy, the courts found that the certificate language should govern the extent and terms of coverage. See International Amphitheatre Co. v. Vanguard Underwriters Ins. Co., 532 N.E.2d 493, 502 (Ill. App. 1 Dist. 1988) (where the terms of the certificate conflicted with the terms of the policy, the insured was not aware of the exclusions in the policy, and the certificate did not warn of further exclusions, the certificate would govern the terms of the insurance contract); John Bader Lumber, 441 N.E.2d at 1308 (same); J.M. Corbett Co. v. Insurance Co. of North America, 357 N.E.2d 125, 127-28 (Ill. App. 1 Dist. 1976) (same). But where the certificate refers to the policy and expressly disclaims any coverage other than that contained in the policy itself, the courts found that the policy should govern the extent and terms of the coverage. See American Country Ins. Co. v. Kraemer Brothers, Inc., 699 N.E.2d 1056, 1060 (Ill. App. 1 Dist. 1998) (where the certificate of insurance contains a disclaimer, the insured may not rely on the certificate but must look to the policy itself to determine the scope of coverage); Pekin Ins. Co. v. American Country Ins. Co., 572 N.E.2d 1112, 1114-15 (Ill. App. 1 Dist. 1991) (where the certificate of insurance contains a disclaimer and there is no conflict between the terms of the certificate and the terms of the policy, the insured will be held to the terms of the underlying policy); Lezak & Levy Wholesale Meats,

Inc. v. Illinois Employers Ins. Co. of Wausau, 460 N.E.2d 475, 477 (Ill. App. 1 Dist. 1984) (same).

The City argues that the disclaimer language in the second line of cases was much broader than the disclaimer on T.H.E.'s certificate. T.H.E.'s certificate simply stated that the "certificate neither affirmatively nor negatively amends, extends or alters the coverage afforded by the policy(ies) described hereon." In Lezak, the certificate stated, "This certificate is not a policy or binder of insurance and does not in any way alter, amend or extend the coverage afforded by any policy referred to herein." 460 N.E.2d at 476-77. The Lezak certificate then reiterated that it was subject to the terms, conditions and exclusions of the policy. 460 N.E.2d at 467. In Pekin, the certificate stated that it was "issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below. . . . The insurance afforded by the policies described herein is subject to all of the terms, exclusions, and conditions of such policies." Pekin, 572 N.E.2d at 1114. Finally, the certificate in Kraemer was identical to the Pekin disclaimer. Kraemer, 699 N.E.2d at 1060. We agree with the district court that the operative phrase in each disclaimer is the language stating that the certificate does not alter, amend or extend the coverage of the underlying policy. That phrase puts the insured on notice that the insurance contract will be governed by the terms of the underlying policy and not by the certificate itself. The certificate issued to the City of Alton contained adequate warning that the insured could not simply rely on the certificate for the terms and conditions of coverage.

Nor do we find any conflict between the relevant terms of the policy and the language contained in the certificate. Alton complains that the certificate does not exclude coverage for bodily injury to shooters, but that the policy does. Alton also complains that the certificate provides coverage for independent contractors of FPI while the policy excludes coverage for bodily injury to any shooters whether they are employees or independent contractors of FPI. Alton characterizes the absence of the exclusion on the certificate and its inclusion in the policy as an ambiguity that must be construed in favor of coverage for the City. This is simply a restatement of Alton's argument that it should not be held to exclusions that are not evident on the face of the certificate. As we explained above, the disclaimer removes any ambiguity by informing the

insured that it may not rely on the certificate to determine the limits of coverage. There is no conflict in the terms regarding coverage for bodily injury to shooters when reading the certificate and the policy together, as we must under Illinois law. See Vanguard, 532 N.E.2d at 500 (where a policy of insurance consists of a policy and other documents executed as part of one transaction and the policy is incorporated into the other documents by reference, all of the documents must be construed together to determine the meaning and effect of the insurance contract).

Alton's final argument is that the certificate and policy conflict on the issue of coverage for accidents arising out of the use of watercraft. Alton points out that the certificate lists the location of the fireworks display as "on [a] barge on [the] Mississippi River," but the policy excludes coverage for bodily injury or property damage arising out of use of any watercraft, rendering the coverage illusory. There are two problems with the City's argument. First, the City of Alton raises this argument for the first time on appeal and therefore has waived the issue. Second, it is not the watercraft exclusion that T.H.E. Insurance is invoking to deny coverage. Indeed, if this were the only exclusion T.H.E. could point to in order to deny coverage, we might well find that there is a conflict between the terms of the certificate and the terms of the policy. In that circumstance, the Illinois cases make clear that the later issued certificate will prevail. See Vanguard, 532 N.E.2d at 502-03 (if the certificate contains provisions that conflict with the master policy, the certificate normally controls); J.M. Corbett, 357 N.E.2d at 128 (same). This ambiguity does not affect the outcome here because T.H.E.'s policy clearly disclaims liability for bodily injury to shooters.

III.

Because the certificate of insurance contained an adequate disclaimer placing the City of Alton on notice that it would be held to the terms of the underlying policy, we affirm the grant of summary judgment in favor of T.H.E. Insurance.

AFFIRMED.