**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-60740

COMPLETE ROOFING SERVICES, INC; BUILDERS & CONTRACTORS
ASSOCIATION OF MISSISSIPPI

Plaintiffs-Appellants

v.

DOHERTY, DUGGAN & ROUSE INSURORS, INC

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:05-CVF-495

Before WIENER, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Complete Roofing Services, Inc. and Builders & Contractors Association
of Mississippi (collectively "CRS") appeal the district court's grant of summary
judgment in favor of Doherty, Duggan & Rouse Insurors, Inc. ("DDR"). For the
following reasons, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## FACTS AND PROCEEDINGS

Fairchild Roofing Company ("Fairchild") is a construction business based out of Warner Robins, Georgia. Fairchild brought a crew from Georgia to Mississippi to work on a project in August 2002. Because of delays on the project, Fairchild sent some of its Georgia workers home and started hiring local employees.

Fairchild used the services of Central Georgia Employment & Payroll Service, LLC ("Central Georgia"), which is in the business of leasing employees and providing payroll and insurance services. Central Georgia had contracted with DDR to secure Georgia workers' compensation coverage. Fairchild realized that it would also have to provide Mississippi workers' compensation coverage for employees working in Mississippi. It went to a local insurance agency in Mississippi and received a quote, but Central Georgia informed Fairchild that it could match the price and provide the needed Mississippi coverage. Fairchild thought that it had Mississippi coverage, but Central Georgia never obtained such coverage.

Because of project delays, Fairchild sought additional work as a subcontractor with CRS to work at two Mississippi apartment complexes. CRS requested proof of workers' compensation insurance coverage from Fairchild. Fairchild contacted Central Georgia, which requested a Certificate of Insurance from DDR. DDR faxed a Certificate of Insurance to CRS in Mississippi which listed Central Georgia as the named insured and noted a workers' compensation and employer's liability policy issued by Georgia Casualty & Surety Co. ("Geogia Casualty") with effective dates of March 1, 2002 to March 1, 2003. The Certificate stated that it was issued as a matter of information only and that it did not amend, extend, or alter the coverage afforded by the policy. It also stated that the insurance described was subject to all of the terms, exclusions, and conditions of the policy. The issue in this case is whether DDR committed

negligent misrepresentation by failing to state on its Certificate of Insurance that the policy only provided Georgia workers' compensation coverage and did not provide Mississippi workers' compensation coverage.

William Hutchins, a Mississippi resident, responded to a local newspaper ad placed by Fairchild in Mississippi and was hired in November 2002 by Central Georgia and leased to Fairchild. On January 22, 2003, Hutchins fell from the roof of a two story apartment building in Biloxi, Mississippi, and sustained devastating injuries. Georgia Casualty denied the workers' compensation claim, as there was no jurisdiction under the Georgia Workers' Compensation Act to cover Hutchins' injury: he was hired in Mississippi, worked only in Mississippi, and was injured in Mississippi. Because Fairchild had no Mississippi workers' compensation coverage, CRS was deemed to be the statutory employer of Hutchins and was required to pay the workers' compensation claim.

CRS sued Fairchild, Central Georgia, and DDR to recoup its payment of Hutchins' workers' compensation claim. Summary judgment was granted in favor of DDR, and the court granted a default judgment against Central Georgia for $2,352,676.47. CRS appeals the grant of summary judgment in favor of DDR.

Several pertinent facts are undisputed by the parties. There is no evidence that DDR was expressly asked to provide a Certificate of Insurance providing coverage for Mississippi workers' compensation claims, or anything other than a Certificate of Insurance for the insurance covering Fairchild's leased workers. Nor is there any evidence that DDR was informed that Fairchild had hired workers in Mississippi or that Fairchild's work for CRS would occur in Mississippi. The Certificate of Insurance was faxed to a Mississippi fax number, to the attention of CRS, which had a Mississippi address. It is also undisputed that a similar incident occurred in March 2002 with another Central Georgia client in Florida. In that incident Central Georgia

had hired a Florida worker, who, when injured, was not covered by the Georgia policy obtained by Central Georgia through DDR.

## STANDARD OF REVIEW

We review "a grant of summary judgment *de novo*, applying the same legal standard as the district court." *Miller v. Gorski Wladyslaw Estate*, 547 F.3d 273, 277 (5th Cir. 2008). Summary judgment should be rendered if the record demonstrates that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "[A]ll facts and evidence must be taken in the light most favorable to the non-movant." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). "A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). "[W]e are not limited to the district court's reasons for its grant of summary judgment. We may affirm the district court's summary judgment on any ground raised below and supported by the record." *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 478 (5th Cir. 2008).

## DISCUSSION

Under Mississippi law, to prove a claim for negligent misrepresentation, CRS must prove the following elements:

> (1) a misrepresentation or omission of a fact; (2) that the [mis]representation or omission is material or significant; (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities; (4) that the plaintiff reasonably relied upon the misrepresentation or omission; and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance.

*Horace Mann Life Ins. Co. v. Nunaley*, 960 So. 2d 455, 461 (Miss. 2007) (en banc).

Mississippi courts have not addressed negligent misrepresentation based on a Certificate of Insurance. In *T.H.E. Insurance Co. v. City of Alton*, the

Seventh Circuit applied Illinois law in holding that a disclaimer substantially similar to the one at issue in this case provided an adequate warning that the recipient "could not simply rely on the certificate for the terms and conditions of coverage." 227 F.3d 802, 806 (7th Cir. 2000). Here, the district court made its best *Erie* guess that Mississippi courts would also enforce the disclaimer, as Mississippi enforces disclaimers in other contexts. *See Byrd v. Imperial Palace of Miss.*, 807 So. 2d 433 (Miss. 2001) (en banc) (employment relationships); *Briscoe's Foodland, Inc. v. Capital Assoc., Inc.*, 502 So. 2d 619 (Miss. 1986) (statutory warranties). We need not determine the effectiveness of the disclaimer, however, as CRS has failed to produce any evidence on summary judgment that DDR "failed to exercise that degree of diligence and expertise the public is entitled to expect of" it. *Nunaley*, 960 So. 2d at 461.

DDR is an insurance agent. One of its clients asked it for a Certificate of Insurance. DDR provided a facially accurate Certificate of Insurance containing disclaimers that the policy should be examined to determine coverage. There is no evidence that DDR knew or should have known that the Certificate of Insurance was sought for proof of Mississippi workers' compensation coverage.

There is evidence that when CRS and Fairchild were discussing a need for proof of insurance, they both knew they were talking about Mississippi coverage. Fairchild then contacted Central Georgia, which may have known that the Certificate of Insurance was needed for Mississippi coverage, particularly given that they had recently been hiring Mississippi employees. But by the time the message reached DDR, there was no mention of the state of Mississippi or the need for Mississippi insurance coverage. DDR was never informed that Central Georgia had started hiring Mississippi employees or that Fairchild's work for CRS would occur in Mississippi. When Central Georgia requested a Certificate of Insurance, DDR provided it. CRS points to no case law indicating that the terms of coverage or exclusions must be stated on the Certificate of Insurance.

CRS instead bases its argument that DDR should have known Mississippi coverage was needed on the fact that the Certificate of Insurance was sent to Mississippi. The fact that the Certificate was sent to Mississippi does not mean that DDR knew or should have known that Mississippi employees had been hired by Fairchild or that Fairchild's employees would be working in Mississippi. The evidence that DDR may have known that Fairchild had worked on a different job for a different general contractor in Mississippi at a point in the past is similarly non-probative. The only other evidence relied upon by CRS is that a similar situation had happened once before in Florida. But that tells us nothing about what DDR knew or should have known concerning the need for Mississippi coverage in this case.

Given that there is no evidence in the record that DDR knew or should have known that Mississippi coverage was requested or needed, CRS has failed to provide evidence that would allow a reasonable jury to find that DDR "failed to exercise that degree of diligence and expertise the public is entitled to expect of" it. *Nunaley*, 960 So. 2d at 461. Summary judgment is thus appropriate.

## CONCLUSION

We AFFIRM the district court's grant of summary judgment in favor of DDR.